Sittig vs Birkenstack.

(Decided 28th February, 1872.)

HENRY SITTIG vs. HENRY BIRKENSTACK.

## Effect of the Concession of the Correctness of a Prayer—Practice.

What is admitted to be law by either party at the trial of a cause, is binding upon him, and if it be accepted by the opposite party, it becomes the law of the particular case; and it is error in the Court to reject a prayer the correctness of which has been conceded.

APPEAL from the Baltimore City Court.

*First Exception*—This exception is stated in the opinion of the Court.

*Second Exception*—The plaintiff to support the issue on his part, proved that H. Austermuhle had applied to him for a loan of $1500, and that not having the money, he offered to procure a Building Association note for the amount, and exchange it with Austermuhle for his note, with the defendant for an endorser; that the plaintiff and Austermuhle together, visited Sittig, who after some conversation, at the request of Austermuhle endorsed his note at two months; that in exchange for this note the plaintiff procured the Building Association note and gave it to Austermuhle, who obtained the money on it from the German Savings' Bank, on the plaintiff's account; that when the note of Austermuhle

fell due, he asked for a renewal for one year, to which the plaintiff consented, and told him to get the defendant to sign the note; and such note is the cause of action in this case.

The defendant, to maintain the issue on his part, being sworn, proved that he was asked by Austermuhle, in the presence of the plaintiff, to endorse the note in controversy, that he at first refused, but that Austermuhle told him, he ran no risk—that there was no danger, that he was only the second endorser—that Mrs. Austermuhle was the first endorser, and that he was to put his name under hers—and that with this understanding he put his name on the back of the note.

The testimony being closed, the plaintiff offered the two following prayers:

1st. If the jury find from the evidence, that the name of the defendant was written by him (as maker) upon the back of the note, offered in evidence, at the time said note was signed by H. Austermuhle, or shortly afterwards, that then the defendant is liable in this action, and the plaintiff is entitled to recover, provided the jury find that the $1500 was paid to Austermuhle by the plaintiff, as testified to.

2d. If the jury shall find that the defendant expressly admitted any sum of money to be due to the plaintiff, then they shall find for the plaintiff such sum as they may find the defendant admitted to be due.

The defendant offered the following prayers:

1st. That the plaintiff cannot recover, in this present action, upon the promissory note in evidence in this case, because said promissory note has upon its back, as last endorser, the name of the plaintiff himself.

2d. That the plaintiff cannot recover in this action upon the first, second, third, fourth, fifth and sixth counts of his declaration, because no evidence has been offered as to those six counts.

3d. That the plaintiff cannot recover upon the seventh count in his declaration, because by said count the defend-

ant and one H. Austermuhle are set forth as joint makers of the promissory note therein described; but that no such note was offered in evidence to sustain said count, and no evidence was offered as to the signature of said H. Austermuhle, to any paper, either filed in this case originally, or put in evidence during the trial.

4th. That the plaintiff cannot recover upon the eighth count in said declaration, because no evidence was offered that the defendant was a guarantor of any note, nor that he guaranteed the payment of the note set forth in said count.

5th. That the plaintiff cannot recover upon the ninth count of his declaration, although the jury should believe all the evidence offered by the plaintiff to maintain the issue on his side, to wit: that Sittig, the defendant, signed the note in evidence, and that Austermuhle got the money for it; because there was no evidence of presentment for payment and protest offered.

6th. That if the jury find from the evidence that the defendant was requested by Astermuhle to endorse the note, (the cause of action in this case,) and that he wrote his name on the back of the said note in consequence of the said request, and as endorser, then the jury must find for the defendant, it having been admitted in this case, by both sides, that the space for the name of the payee of said note was left blank, and the name of H. Birkenstack was inserted in the body of the note at the trial table, at the time of the trial of this cause, at the last term of this Court, and long after the maturity of said note.

7th. That if the jury believe from the evidence that Catherine Austermuhle was the wife of H. Austermuhle, and that it was the intention of the plaintiff, and was so represented to the defendant that she should be the first endorser, and that the defendant endorsed the note as second endorser to her, that then the jury must find for the defendant, for the reasons assigned in the defendant's fifth prayer, and also because a note so drawn would be void *ab initio.*

8th. That no admission of indebtedness by the defendant to the plaintiff, after the endorsement of said note, can be taken against the positive evidence of the plaintiff that the money for said note, the cause of action in this case, was paid to Austermuhle, but that all such admissions, and even promises, subsequent to the making of said note, were not binding upon the defendant, and were *nudum pactum* unless they were in writing, properly executed, and that there is no evidence in this case of any such writing.

The Court granted the first and rejected the second prayer of the plaintiff; and granted the second, third and sixth prayers of the defendant and rejected his other prayers. After the Court announced its ruling upon the prayers, the counsel for the plaintiff stated that he had conceded the fourth, fifth, seventh and eighth prayers of the defendant; but the Court adhered to its decision, and said that these prayers were not law, and should not be used by the defendant's counsel as the law of the Court, but it would not interfere with any admissions of the parties in relation thereto. To the granting of the plaintiff's first prayer, and to the rejecting of the defendant's first, fourth, fifth, seventh and eighth prayers, the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, ALVEY and ROBINSON, J.

*J. B. Wentz, Jr.,* for the appellant.

*John Henry Keene, Jr.,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The cause of action in this case is a promissory note for $1500, signed by H. Austermuhle, and endorsed by Catherine Austermuhle, Henry Sittig and Henry Birkenstack. The declaration contains nine counts—the first six being the

common money counts, the seventh charging the appellant as maker, the eighth as guarantor, and the ninth as endorser, with notice of presentation and non-payment.

After the testimony was closed, two prayers were offered by the plaintiff and eight by the defendant. The first prayer of the plaintiff was granted, and the first, fourth, fifth, seventh and eighth prayers of the defendant, as it appears by the record, were rejected. The record also discloses that these prayers of the defendant, with the exception of the first, were *conceded* by the plaintiff's attorney.

The rule is well established, that what is admitted or conceded to be law by the plaintiff or defendant, as the case may be, at the trial of a cause, is binding upon him, and if it is accepted by the other side, it becomes *the law* of the particular case. This doctrine is very concisely stated in *The Balt. & Ohio R. R. Co. vs. Resley*, 14 *Md.*, 442, where it is said : "What is admitted to be the law of a case cannot be gainsayed before the jury." The learned Judge below stated that these prayers should not be used as the law of the Court, and very properly added, " but that the Court would not interfere with any admissions of the parties in relation thereto." It would have been inferred from this statement of the rule, that the prayers had been allowed to stand upon the admissions of the parties, and had not been acted upon by the Court with a view either to their rejection or approval, but as they are marked " refused," and also so certified in the bill of exceptions, we are obliged to treat them as having been rejected by the Court, and to conclude that the defendant did not have the benefit of them before the jury. To this he was clearly entitled, and as there was error in depriving him of the benefit of prayers which the plaintiff had conceded, the judgment must be reversed and the case sent back for a new trial.

The plaintiff was not entitled to have the first prayer, which he offered, granted by the Court, for it is inconsistent with the third prayer offered by the defendant, which he con-

ceded, and which is not included among those rejected by the Court. That prayer instructed the jury, that the plaintiff was entitled to recover if they found from the evidence that the defendant had written his name upon the back of the note as maker, while the third prayer of the defendant instructed them "that the plaintiff cannot recover on the seventh count in his declaration, because by said count the defendant and one H. Austermuhle are set forth as joint makers of the promissory note therein described, but that no such note was offered in evidence, &c." This is the only count in which the defendant is charged as maker of the note, and the concession by the plaintiff of the correctness of this prayer, so entirely opposite to the one he presented, is a sufficient reason why his prayer ought to have been rejected.

The exception to the refusal of the Court to grant the defendant's first prayer, was very properly abandoned at the hearing, and the only remaining exception to be considered is the first, which is taken to the admissibility of evidence. The plaintiff having proved that Austermuhle had applied to him for a loan of $1500, and that he, having no money, had procured a Building Association note for $1500, which he gave Austermuhle in exchange for the note sued upon, and that Austermuhle had obtained the money upon it from the German Savings' Bank on his, the plaintiff's account, then offered in evidence a Building Association note for $1500, which was cancelled and crossed with lines of red ink. To the introduction of this note as evidence, which was admitted by the Court, the defendant excepted. It is very apparent that this note was introduced to show the consideration of the note upon which the plaintiff was seeking to recover, and its cancellation was no objection to it for that purpose. The note held by the plaintiff *prima facie* imported consideration, and there was perhaps no necessity for offering proof to support it, as its validity in this respect had not been attacked by the defendant. But as there could be no objection in proving *positively*, if the plaintiff so desired, what already

appeared *presumptively*, the Court could not refuse to admit the testimony, provided it was accompanied with the further proof that it was the identical note upon which Austermuhle had obtained the money. This further proof does not appear to have been given, and, as the note stands in the record, it seems to be wholly unconnected with the case, and ought not, therefore, to have been admitted in evidence. But as there is no positive injury, which we can perceive, done to the defendant by its introduction, the judgment would not be reversed upon this exception.

The rulings of the Court upon the second prayer of the plaintiff and the second prayer of the defendant, are obviously correct.

But for the error, as before stated, in rejecting the prayers of the defendant which had been *conceded* by the plaintiff, the judgment below will be reversed and a new trial ordered.

*Judgment reversed and*
*new trial ordered.*

(Decided 28th February, 1872.)