## HENRY SITTIG *vs.* HENRY BIRKESTACK.

*Practice—A party having objected to the Admissibility of Evidence will not be heard to object to its withdrawal from the Jury— Power of the Court as to its Instructions to the Jury—One who has excepted to an Instruction as erroneous, will not be heard to complain of its subsequent revocation—Removal of a Cause— Pleading—Insufficient ground for a Reversal—Right of the Holder of a note to insert his own name as Payee—Practice— Conceded Prayer—Appeal.*

In the trial of a cause the defendant objected to the admissibility of certain evidence offered by the plaintiff; the Court overruled the objection, and the plaintiff thereupon waived the testimony and proposed to withdraw it from the consideration of the jury, which the Court allowed him to do. The defendant excepted. HELD:

That the defendant after objecting to the admissibility of the evidence could not be heard to object to its being voluntarily waived, and withdrawn from the consideration of the jury.

The Court has the power at any time during the trial of a cause, to modify its instructions to the jury, or to revoke them entirely, if upon reflection, it is considered that they have been erroneously given.

A party to a cause after excepting to an instruction as erroneous, will not be heard to complain because it was afterwards revoked and withdrawn from the jury.

An application for the removal of a cause, made after the trial has commenced, will not be granted; and the amendment of the declaration by leave of the Court, makes no difference in respect to the right of removal.

Where a party is sued as the maker of a promissory note, the non-joinder of others as joint-makers, can be taken advantage of only by plea in abatement.

The refusal to grant a prayer furnishes no ground for reversal, if the question which it raised was submitted to the jury by another prayer which was conceded.

A note for $1,500, payable at twelve months to the order of —— ——, was signed by H. A. and on the back was written the names of C. A. and H. S.

and H. B. Suit was brought against H. S. by H. B. the holder of the note who sought to charge the defendant as maker thereof. At the trial the name of H. B. was inserted by his counsel, in the note as payee. The question whether H. S. signed his name on the note as maker, was submitted to the jury by the instructions granted and conceded. HELD:

That if the defendant signed his name as maker, the plaintiff as holder of the note, acting in good faith had authority to insert his own name as payee.

On the second trial of a case, neither party is bound by the legal propositions which he may have conceded at the first trial.

No appeal lies from the refusal of the Court to grant a new trial.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Edward Otis Hinkley,* for the appellant.

*John Henry Keene, Jr.,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

After the decision of this case on a former appeal, 35 *Md.*, 273, a new trial was had, which resulted in a judgment in favor of the plaintiff below, from which this appeal was taken. There are six bills of exceptions sent up with the record. The defendant also appealed from the judgment of the Court below, in overruling his motions for a new trial, and in arrest of judgment.

The exceptions will be disposed of in their numerical order

*First Exception.* The note sued on, expresses a consideration on its face, it was therefore unnecessary for the plaintiff, in the first instance, to offer evidence of the consideration; though it was competent for him to do so, and such evidence was clearly admissible; this was decided on

Sittig *vs.* Birkestack.

the former appeal. It appears that when the plaintiff who was the witness, stated that "he had loaned Auster-muhle $1500," the defendant "objected to any testimony respecting the loan of $1500." This objection was prop-erly overruled by the Court, whereupon the plaintiff's counsel, without proceeding farther, "waived the testi-mony and proposed to withdraw it from the consideration of the jury," which the Court allowed him to do, and thereupon the defendant excepted. The testimony as we have said, was admissible; but certainly the defendant after objecting to it, cannot be heard to object to its being voluntarily waived and withdrawn from the consideration of the jury.

*Second Exception.* The evidence being closed, three prayers were offered by the plaintiff, these were rejected, and are not inserted in the record. The defendant offered ten prayers; of these the plaintiff conceded the first, second, fourth, and fifth, the others were rejected; and the Court proceeded to give an instruction to the jury, and the defendant excepted. The questions arising upon the defendant's prayers will be considered in disposing of the *sixth* bill of exceptions, where they are all set out together with five additional prayers, making fifteen in number. It is unnecessary to consider the Court's instruction embodied in this bill of exceptions; because it was after-wards revoked by the Court. Its action in this respect forms the subject of the

*Third Exception,* which presents the question whether the Court, after having given an instruction, had the power during the trial to revoke the same, and withdraw it from the jury? On this question we entertain no doubt. The Court has the power at any time during the trial to mod-ify its instructions to the jury, or to revoke them entirely, if upon reflection it is considered that they have been erroneously given. *Goldsborough vs. Cradie,* 28 *Md.,* 479. It would be strange, if such a power did not exist; and

stranger still, if a party after excepting to an instruction as erroneous, should be heard to complain, because it was afterwards revoked and withdrawn from the jury.

*Fourth Exception.* After the third bill of exceptions was signed, the plaintiff asked leave to amend the declaration which was granted, and he proceeded to add a *tenth* count thereto; the defendant's counsel endorsing an agreement thereon, "that the amendment shall be considered to be made without the filing of a new declaration." The defendant requested time to plead to the amended *narr.*, and asked for a continuance of the case, which application was refused by the Court, and the defendant was required to plead at once; he then demurred to the declaration, and the demurrer being overruled, he filed three pleas to the amended declaration as follows:

"1st. That he is not indebted as alleged.

"2nd. That he did not promise as alleged.

"3rd. That said promissory note was obtained by the plaintiff by fraud and misrepresentation."

Issue being joined thereon, the defendant filed his suggestion in the usual form, with a prayer for a removal of the cause; which the Court refused, and thereupon the defendant excepted.

The trial of the case having been commenced it was too late to make the application for its removal, this was decided in *Price vs. The State,* 8 *Gill,* 297.

The amendment of the declaration having been allowed by the Court below, made no difference in respect to the right of removal. This point was expressly decided in *Adams Ex. Co. vs. Trego,* 35 *Md.,* 47, 61. It was there said "the pending trial did not terminate by the leave to amend; for as the issue was not materially changed by the amendment, the jury was not required to be re-sworn; but all the evidence previously given remained before them as if no amendment had been made"

In such case, it was held "that the making of the amendment afforded no ground for allowing the application for removal." There the application was for the removal of the case to a Federal Court, under the Act of Congress; but the question so far as it regards the time of making the application was the same as here presented.

*Fifth Exception.* We do not understand this exception to be seriously insisted on by the appellant's counsel. It is sufficiently answered by what has been said in disposing of the *third* bill of exceptions. The Court having receded from its action, and revoked the instruction first given, the defendant's counsel clearly had no right to insist that the instruction so revoked, should still be considered as its unreversed rulings.

The *Sixth Exception* was taken to the action of the Court below, upon the prayers. We shall first direct our attention to those of the defendant, fifteen in number. The *first, second, fourth, fifth, eleventh* and *twelfth*, were conceded, the *fourteenth* was granted by the Court, and the others, viz: the *third, sixth, seventh, eighth, ninth, tenth, thirteenth* and *fifteenth* were refused.

The cause of action is described in 35th *Md.*, 276; it is a promissory note signed by *H. Austermuhle*, for $1500; on the back are the names *Catharine Austermuhle*, (who was the wife of H. Austermuhle,) and *Henry Sittig*, the appellant. The name of the payee was in blank, and at the former trial, was filled by counsel inserting the name of the appellee, the holder. The declaration contained originally *nine* counts, the first six were for *goods sold*, for *work done*, and the common money counts; the *seventh* charged the appellant as maker jointly with H. Austermuhle; the eighth, as guarantor, the ninth, as endorser; and a *tenth* count was added, charging the appellant simply as maker of the note. The appellee by conceding the defendant's second prayer, abandoned the first six counts; the right to recover on the *eighth and ninth*,

was virtually abandoned, by conceding the *first, fourth, fifth* and *eleventh prayers.* Recovery was sought only under the *seventh* and *tenth* counts, charging the defendant as maker of the note.

The *third* and *ninth* prayers were properly refused; because the objection on account of the non-joinder of H. Austermuhle as joint maker, if the defendant intended to rely upon it, ought to have been made by plea in abatement. *Brown vs. Warram,* 3 *H. & J.,* 572; *Merrick vs. Trustees, &c.,* 8 *Gill,* 60.

The sixth, seventh, eighth and thirteenth prayers rely upon want or insufficiency of consideration for the note, and were properly refused; the note on its face, states a consideration, and there was evidence to the effect that "the appellant had given Austermuhle, a building association note for $1500, which was paid at the German Bank, which was the consideration for the note sued on; and that he refused so to do, until *Austermuhle* got the defendant to sign the note in question." This if believed by the jury, shows a sufficient consideration for the note.

There was no error in refusing the *tenth* prayer, it proposed to submit to the jury to determine, whether the insertion of the appellee's name in the note, as payee, changed the contract between the parties. It would not have been proper to submit the question to the jury in that form. So far as the prayer seeks to raise the question as to the original intention of the parties, and their agreement that the defendant bound himself only as endorser, and the effect of inserting the name of the appellee as payee to change the contract, this was submitted to the jury by the twelfth prayer, which was conceded, and the refusal to grant the tenth prayer, therefore, even if it was otherwise free from objection, would furnish no ground for reversal. *B. & O. R. R. Co. vs. Resley,* 14 *Md.,* 424.

The question whether the appellant signed his name on the note as maker, was submitted to the jury by the instructions granted and conceded; and if that was the nature of the contract between the parties, the appellee as holder of the note, acting in good faith, had authority to insert his name as payee; as has been decided in *Sullivan vs. Violett & Dempsey*, 6 *Gill*, 181; *Sumwalt vs. Ridgely*, 20 *Md.*, 108, and *Dunham vs. Clogg*, 30 *Md.*, 284.

The fifteenth prayer was without evidence to support it, there being no testimony to show that in receiving the first note, the appellee considered the appellant as liable only as endorser.

The appellee sought to hold the defendant liable as maker of the note, which it was competent for him to do, if such was the nature of the defendant's contract, although his name was endorsed on the back of the note, as was decided in *Sullivan vs. Violett & Dempsey*, 6 *Gill*, 181, and *Ives vs. Bosley*, 35 *Md.*, 262. This depended on the facts and circumstances accompanying the signing, endorsement and delivery of the note; these were properly left to the jury, under the instructions contained in the fourth and fifth prayers of the plaintiff, which were granted, and the defendant's fifth, eleventh and twelfth prayers, which were conceded.

The question of fraud was also fairly submitted to the jury by the plaintiff's prayer, and the fourteenth prayer of the defendant, granted by the Court.

On the former appeal, this Court decided that there had been error in granting the prayer of the appellee, designated as *first*, because it was inconsistent with the *third prayer* of the appellant, which had been conceded, on the principle that what is conceded at the trial as the law of the case, cannot be contravened or disputed. *B. & O. R. R. Co. vs. Resley*, 14 *Md.*, 424. The appellant's counsel have fallen into the error of supposing, that when the case came on for trial the second time, the

counsel for the appellee was to be considered as having conceded the same legal propositions as before, that he was bound by his previous concessions; or to use the language of the counsel, "that a prayer conceded, must be taken as the law of the case in any subsequent trial." We do not agree to this proposition. In the trial of a cause, a prayer may be conceded as correct, which in a subsequent trial, under a different state of proof, may well be denied. The third prayer of the defendant conceded on the former trial, asserted that no evidence had been given of the signature of *H. Austermuhle*, to the note; at the second trial, that evidence was supplied.

We find no error in the ruling of the Court below upon the prayers. Nor have we discovered any ground to support the motion in arrest of judgment. So far as this motion is based on the action of the Court below, in directing the trial to proceed before the same jury, after the amendment had been made to the declaration, it is answered by what has been said in disposing of the *fourth* exception. The objection to the sufficiency of the declaration, is not well taken, the seventh and *tenth* counts being sufficient to support the judgment.

No appeal lies from the refusal to grant a new trial, that being a matter which in Maryland, rests exclusively in the discretion of the Court below.

*Judgment affirmed.*

(Decided 19th June, 1873.)