113   171
d125  113

McKENZIE *v.* LAUTENSCHLAGER.

1. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—WITNESSES.
   Statements made by a wife, not in the presence of defendant, and letters written by her, may be admissible, in an action by her husband for alienating her affections, for the purpose of showing her state of mind towards him.

2. SAME.
   Under 3 How. Stat. § 7546, a husband is disqualified to testify, in an action brought by him for the alienation of his wife's affections, to conversations between himself and wife, not occurring in the presence of defendant, unless the wife consents.

Error to Monroe; Kinne, J.   Submitted April 14, 1897. Decided May 28, 1897.

Case by Burton McKenzie against John J. Lautenschlager and Mary Lautenschlager for alienating the affections of plaintiff's wife.   From a judgment for plaintiff, defendants bring error.   Reversed.

*Landon & Lockwood,* for appellants.

*Charles A. Golden* and *Edward R. Gilday,* for appellee.

MOORE, J.   Plaintiff recovered a judgment against the defendants for alienating the affections of the wife of the plaintiff, who was a daughter of the defendants.   Defendants appeal.   It is their claim that a verdict should have been directed in their favor; citing *White* v. *Ross,* 47 Mich. 172.   The testimony is conflicting, and we cannot say that there was no testimony, tending to establish plaintiff's case. that should have been submitted to the jury.

Plaintiff was allowed to introduce in evidence statements made by his wife not in the presence of defendants, and letters written by her. The wife was afterwards called as a witness by the defendants, and upon objection by the plaintiff her testimony was excluded. The defendants say this resulted in the plaintiff getting the benefit of admissions and statements made by the wife in his favor, without giving the defendants an opportunity to have the version of the wife, which would have been in their favor, and that this was error; citing *White* v. *Ross*, 47 Mich. 172. Under a later case, we think the testimony was admissible for the purpose of showing the state of mind of the wife towards the husband. *Perry* v. *Lovejoy*, 49 Mich. 529.

Plaintiff was allowed to testify to conversations between himself and his wife which did not occur in the presence of defendants, the record not showing that the wife consented to his testifying. This was contrary to section 7546, 3 How. Stat., as repeatedly construed by this court. *Maynard* v. *Vinton*, 59 Mich. 139; *Hitchcock* v. *Moore*, 70 Mich. 112 (14 Am. St. Rep. 474); *Rice* v. *Rice*, 104 Mich. 371.

The other assignments of error do not call for discussion, as we do not think they were well taken.

Judgment reversed. New trial ordered.

The other Justices concurred.