# FLORIED H. HILLERS *vs.* ELIZABETH R. TAYLOR.

*Alienation of husband's affections. Evidence; conversations. Damages. Prayers. Record; exceptions; presumptions as to.*

In a suit by a wife for the alienation of her husband's affections, conversations between the plaintiff and the husband are admissible in evidence to show the state of the husband's mind and the state of feeling existing between the husband and wife by reason of the influence of the defendant, although it had not been shown that the conversations were caused or induced by the acts of the defendant.                    p. 169

Conceded prayers are the law of the case.                    p. 172

On an appeal, a special exception did not appear in the record as having been signed, although the exception as set out stated that the Court did then and there sign it; elsewhere in the record the judge's name and seal appeared at the foot of a prayer to which there had been no exception. In the absence of evidence on the subject it was assumed that the signature of the judge there appearing was intended to have been appended to the special exception.                    p. 170

Where there is no conflict as to the evidence sustaining the plaintiff's case, a prayer that states correctly the rule for assessing damages, notwithstanding the fact that it is abstract in form, does not prevent reversible error.  p. 171

In a suit for damages for the alienation of the affections of the plaintiff's husband, a prayer is correct which instructs the jury that in determining the amount of the damages, if they should find for the plaintiff, they should take into consideration the social position of the parties and the pecuniary condition of the defendant, and award the plaintiff such an amount as would reasonably and fairly compensate her for the loss of the affection and society of her husband, together with the mental anguish and disgrace which she has suffered and the loss of the support of her husband.  p. 171

*Decided June 23rd, 1911.*

Appeal from the Circuit Court for Anne Arundel County (BRASHEARS, J.). where there was a judgment and verdict in favor of the plaintiff for $4,000, with interest and costs.

The following are the prayers that were offered:

*Plaintiff's 1st Prayer.*—The jury are instructed that in order for the plaintiff to recover damages against the defendant under the first count of the declaration it is not necessary that the plaintiff should prove any one act of illicit intercourse, which is conclusive of guilt, but the jury must consider the opportunity for the commission of the act the conduct of the parties and all of the circumstances and then determine from the whole of the testimony whether it should convince unprejudiced and cautious persons of the guilt of the parties, and if upon a consideration of all the evidence in the case the jury are satisfied of the commission of one act of illicit intercourse then their verdict should be for the plaintiff. (*Refused.*)

*Plaintiff's 2nd Prayer.*—The jury are instructed that in determining the amount of the damages, if they should find for the plaintiff, they should take into consideration the

social position of the parties, the pecuniary situation of the defendant and award the plaintiff such an amount as will reasonably, and fairly compensate her for the loss of the affection, society of the husband of the plaintiff, together with the mental anguish and disgrace which she has sustained, and the loss of the suppport of her husband. (*Granted.*)

*Plaintiff's 3rd Prayer.*—If the jury find from the evidence, that the defendant alienated the affections of the husband of the plaintiff, even though there is no evidence to show that the defendant had criminal intercourse with the defendant, still the plaintiff would be entitled to recover, provided the jury find that the affections of the plaintiff's husband were alienated as alleged in the second count of the declaration. (*Refused.*)

*Defendant's 1st Prayer.*—It must appear by a preponderance of evidence, that the alienation and abandonment of the plaintiff by her husband, if any, was caused by the direct and active interference of the defendant and the burden of proof is upon the plaintiff to show this before she can recover under the second count of the declaration. (*Granted.*)

*Defendant's 1st Prayer A.*—The defendant prays the Court to instruct the jury that there is no testimony in this case legally sufficient to prove that the defendant debauched or carnally knew the husband of the plaintiff. (*Granted.*)

*Defendant's 2nd Prayer.*—Unless the jury believe from the evidence in this case that the defendant was intentionally guilty of such conduct as was calculated to prejudice plaintiff's husband against her and to alienate him from her and to induce him to leave her and remain apart from her; and that such effect was intended by the defendant to be produced and was actually produced by her conduct their verdict must be for the defendant under the second count of the declaration. (*Granted.*)

*Defendant's 3rd Prayer.*—Unless the conduct of the defendant was the effective cause which induced the husband

of the plaintiff to leave her, and unless the jury are satisfied that but for that cause he would not have left her, their verdict must be for the defendant, under the second count of the declaration. (*Conceded.*)

. *Defendant's 4th Prayer.*—The burden of proof is upon the plaintiff to establish the matter and facts set forth in the first and second counts of their declaration. (*Conceded.*)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*Robert Moss,* for the appellant.

No appearance for the appellee.

BRISCOE, J., delivered the opinion of the Court.

When this case was before us, on a former appeal, from the Circuit Court for Prince George's County, reported in 108 Md. 148, a judgment of that Court in favor of the defendant was reversed for error in the rulings of the Court below, on the evidence presented at the trial and the case was remanded for a new trial.

Subsequently, on the 8th day of October, 1908, the case was removed to the Circuit Court for Anne Arundel County for trial, and from a judgment in that Court in favor of the plaintiff the defendant has appealed.

The questions for our consideration on this appeal are presented by two bills of exceptions, one relating to the ruling of the Court upon a motion by the defendant, at the conclusion of the testimony, to strike out certain testimony of the plaintiff, which had been admitted subject to exception, and, second, to the action of the Court in overruling the defendant's special exception to the granting of the plaintiff's second prayer, which submitted the proper rule of law for the guidance of the jury, in assessing the damages if they found a verdict for the plaintiff.

The suit was brought by the plaintiff against the defendant. to recover damages for alienating the affections of the appellee's husband and persuading him to abandon her.

The declaration contains two counts, the first charging the defendant with criminal conversation with the appellant's husband, resulting in the alienation of his affections, and the second charging her with having caused the alienation and abandonment by wrongful and wicked persuasion and the practice of alluring arts upon him, well knowing him to be the husband of the appellee.

The record shows that in the course of the trial the plaintiff offered evidence tending to prove the facts set out in the second count of the declaration, and the defendant offered no testimony, but at the conclusion of the plaintiff's testimony, submitted the following motion: "The defendant moves the Court to strike from the record all the testimony of the plaintiff in this case with reference to conversations with her husband upon the ground that the conversations have not been in any way shown to have been caused or induced by the acts of the defendant."

The testimony here referred to had been admitted subject to exception, and the ruling of the Court, in overruling this motion forms the basis of the first exception.

We think, upon the state of the record now before us, the Court was entirely right in overruling the motion.

The testimony was competent, under the well-defined exception to the rule against hearsay evidence, in suits like the present one to show the state of feelings·existing between the husband and the wife, on the second count of the declaration.

In the former appeal, we held, that evidence of statements made to the plaintiff by her husband relating to the wishes of the defendant or of declarations made by the defendant on the facts of that case, was inadmissible. Such evidence is either hearsay or a mere expression of opinion made out of the presence of the defendant. JUDGE SCHMUCKER, in delivering the opinion of the Court, said,

"the subject has received careful consideration in sections 1730 and 1768 of Vol. 3 of *Wigmore on Evidence*, and more recently in section 1730 of the supplement to that work, where the rule is stated to be from an examination of the authorities, that in alienation suits the utterance of the alienated spouse are admissible to show the result on his or her state of mind of the efforts and influence of the defendant which have otherwise' been proven. In that respect the defendant's acts and utterances as recited by the spouse are not hearsay and are admitted not as evidence of the truth of the statements, but of the mental state and motives of the party making them without reference to the truth of the statements themselves."

Volums 3, section 1648, of *Elliott on Evidence*, states the rule to be that "declarations or letters tending to show the feeling existing between the plaintiff's consort and the defendant may be shown, but it must first be shown that the defendant was responsible for the affection manifested for him.

In this case they were admissible as offered, to show the state of the husband's mind, and the state of feelings existing between the husband and wife by reason of the efforts and influence of the defendant which had otherwise been proved. *Nevins* v. *Nevins,* 68 Kan. 413; *McKenzie* v. *Lautenschlager,* 113 Mich. 171; *Rose* v. *Mitchell,* 21 R. I. 270; *Billings* v. *Albright,* 66 N. Y. App. Div. 243.

The second exception does not appear to have been signed by Judge Brashears, who sat in the case, in the Court below, but the signature "Jas. R. Brashears" (Seal), appears in the record at the conclusion of the defendant's fourth prayer. Assuming that the signature there appended was intended to be affixed to the special exception to the plaintiff's second prayer, we have here an exception to the granting of the plaintiff's second prayer upon the ground and because there was no testimony in the case, that the defendant alienated the affections of the plaintiff's husband.

The plaintiff's second prayer stated the measure of damages, in the usual form, and under the facts of this case, no possible injury resulted therefrom. *Hillers* v. *Taylor,* 108 Md. 156.

In *Dexter* v. *McDonald,* 103 Md. 398, in passing upon a similar prayer, this Court said, "the third prayer as to the measure of the damages while it seems to state a correct rule for assessing damages under the facts of the case, or a rule as favorable to the defendant as it could ask, is open to the criticism of being abstract in form and in not referring sufficiently to the facts to instruct the jury in the application of the rule stated to the facts. It is apparent, however, that no injury resulted from this. There was no conflict of evidence in the evidence going to the damages in the case." The plaintiff's evidence as to those was offered according to the rule stated and the verdict of the jury was evidently based on this evidence.

There was no prayer at the close of the case on the part of the defendant asking the Court to withdraw the case from the consideration of the jury, for the want of legally sufficient evidence, to entitle the plaintiff to recover, and no proof whatever was submitted on the part of the defendant, in the trial of the case.

On the contrary, the defendant notwithstanding the rejection of the plaintiff's first and third prayers, proceeded with the trial of the case and submitted five prayers two of which were conceded, upon propositions of law, based upon the defendants theory of the case, which were granted by the Court. To have rejected the plaintiff's second prayer would have left the jury uninstructed upon the proper rule, as to damages, at this stage of the case. *Gill* v. *Slayler,* 93 Md. 474; *Siltig* v. *Birkenstack,* 35 Md. 278.

We discover no error in the ruling of the Court upon this exception, for the further reason that it required the Court to hold that there was no evidence whatever that the defendant alienated the affections of the plaintiff's husband, and

to have sustained the exception on this ground, would have been error. There was no prejudicial injury done the defendant by the granting of this prayer, and the conceded prayers were the law of the case. *Dryden* v. *Barnes,* 101 Md. 346.

The evidence upon the part of the plaintiff tended to prove the issue, and the jury, upon the instructions from the Court, with the conceded prayers, was the proper tribunal to pass upon it, under the situation of the case, as here presented, by the record. There was practically a waiver of the exception to this prayer, by the submission of the case on the conceded prayers and the defendants instructions. *Gans Salvage Co.* v. *Byrnes,* 102 Md. 230; *Com. Realty Co.* v. *Dorsey,* 114 Md. 172.

Finding no reversible error in the rulings of the Court, presented by the two exceptions contained in the record, the judgment will be affirmed.

*Judgment affirmed, with costs.*