’Wright, J.
 

 delivered the opinion of the court. That which is incorporated, in the record as a bill of exceptions is anything else than that, when tested by the statute and the uniform practice of the courts since bills of exceptions have been allowed. A bill of exceptions can be taken only at the trial of a cause ; and the right "is derived from the statute. At common law
 
 *100
 
 there was no mode of reviewing objections to the ruling of the court or the judge on the trial of the cause before the jury. The practice originated under the statute of West. 2, (13
 
 Ed. 1, ch.
 
 31;) which statute was in substance re-enacted in this state at an early day, and subsequently included in the revision of the laws of 1813. (1
 
 R. L.
 
 326, § 6.) These statutes confined the taking of the bill to the trial, and such was the uni versal practice under them. Blackstone, in treating of bills of exceptions, says: “ If,
 
 on the trial,
 
 the judge, either in his directions or decisions, mistakes the law, by ignorance, inad vertence or design, the counsel on either side may require him publicly to seal a bill of exceptions, stating the point wherein he is disposed to err, and this he is obliged to seal by statute West. 2, (13
 
 Ed.
 
 1,
 
 ch.
 
 31,) (3
 
 Black. Com.
 
 372.) So, also, Tidd defines the office of the bill and the place where it is to be taken thus: “ A bill of exceptions is founded upon some objection in point of law to the opinion and direction of the court
 
 upon a trial at bar or of the judge at nisi prius,
 
 either as to the competency of witnesses, the admissibility of evidence or the legal effect of it, or for overruling a challenge or refusing a demurrer to evidence, &c. (2
 
 Tidd, p.
 
 786.) Our own books of practice and the decisions of our courts are to the same effect. (15
 
 Wend.
 
 583; 5
 
 Hill,
 
 579.) In the last revision of the statutes, the old statute authorizing the taking of exceptions seems to have been omitted ; but we have this provision fully recognizing the settled practice of confining the taking of them' to the trial. “ In all cases where exceptions are allowed by law,
 
 on the trial of any cause,
 
 either party may make such exception
 
 at the time the decision complained of is made; or
 
 if such exception be to the charge given to the jury, it shall be made before the jury have delivered their verdict.” The exceptions must, therefore, in all cases to be effectual, be taken upon the trial, and there is no such practice authorized by statute or by courts of common law, as excepting to the decision of a court on a question arising otherwise than upon the
 
 trial
 
 of the cause. Now it seems that this cause was tried in the common pleas of Onondaga county, in- February, 1845, when a verdict was-rendered for the amount of the respondents’ claim, under the direction of
 
 *101
 
 the court, with leave to the appellant Minard to move to set aside the verdict, “ and that a nonsuit be entered with liberty to the plaintiffs to except to the decision of the court upon the questions raised in the same manner as if the motion for a nonsuit was granted on the trialand that on the fifteenth day of March thereafter, “ after hearing the counsel for the respective parties, the court set aside said "verdict and granted the motion for a nonsuit in said cause, to which decision of the court the plaintiff’s counsel excepted.” . Upon this exception, not taken on the trial, but at a'subsequent period, the supreme court proceeded to look into the case and reversed the judgment of the common pleas; and we are now asked in the face of the statute, and the universal practice on the subject, to follow their example. I think the difficulty is insuperable and cannot be overlooked even by the consent of parties. But here there is no consent. The frame of the bill and the admissions of counsel show that the exception was not taken on the trial. It does not come to us, therefore, in such a way as that we may review it.
 

 It is contended that we may and should amend the bill so that it may appear that the exception was taken on the trial. But I have two objections to this suggestion: 1st. I entertain great doubt of the power of an appellate court to amend a bill of exceptions, either in form or substance: 2d. If such power exists, I would not under the circumstances of this case be disposed to exercise it., It is the fault of the respondents that the exception is not properly upon the record. After the decision of the court the attorney for the respondents should have made up the bill in a form to show that the exception was taken on the trial of the cause, by omitting the verdict and all subsequent matter, except the decision on the -motion and the exception thereto. In this form, if the judges of the common pleas had refused to seal the bill, the supreme court would have compelled them to do so. Again, after going to the supreme court with the bill in the form that it is now presented to us, and the same objection being raised there by the appellant to the invalidity of the exception that he now raises here, that court summarily gave the respondents permission to amend the bill (whether rightly or not it is not necessary now to inquire,) so that the
 
 *102
 
 exception should appear properly upon the record. But the respondents neglected or declined to take advantage of the permission, and the record is brought to us in its originally imperfect state. It cannot be truly averred that the respondents are prejudiced by the unusual and extraordinary practice of the common pleas; but rather by their own error in framing the bill, and their subsequent neglect, after the defect had been pointed out, to amend'it. Under a state of facts like these, we should say to the respondents that the record that they present to us shows no exception taken on the trial, and consequently we will not look into it.
 

 But it is urged that the bill shows an exception taken by the respondents on the trial, and therefore we should look into the record. The answer is, that the decision of the court to which the exception alluded to was taken, did not prejudice the respondents. On the trial, the counsel for Minard offered in evidence an exemplified copy of a writ of error issuing out of and under the seal of the supreme court, tested 20th October, 1843, returnable 28th October then instant, and also the return thereto by the judges of the court of common pleas of the county of Onondaga, being a copy of the judgment in said court of common pleas in favor of the Onondaga County Mutual Insurance Company against Isaac T. Minard and Clarence S. Bailey, for $1000 debt, and $45,31 damages and costs, being the same judgment mentioned and set forth in the scire facias in the cause. To the introduction of this evidence, the counsel for the 'plaintiffs objected, because it was not admissible under the pleadings in the cause, contending that if it was available at all, it should have been pleaded in abatement, and could- not be pleaded in bar. The court overruled the objections and ret ceived the evidence, to which the plaintiff’s counsel excepted; but notwithstanding the decision, the plaintiffs had the verdict of the jury to the amount of their claim; and therefore, not ■ being prejudiced by the decision, we are not called upon to decide whether the common pleas were right or wrong in admitting the evidence. Without, therefore, looking into the merits of the questions presented by what is called the bill of excep
 
 *103
 
 tions, and finding no error in the record in the common pleas, we think the judgment of the supreme court should be revers- , ed, and that of the common pleas affirmed.
 

 Ordered accordingly.1