## STROUD *vs.* FRITH.

Parol evidence can not be given to explain an agreement, so as by it to show, what the parties *agreed* to *do.*

But, when terms of art are used, and have acquired a definite meaning, known to those engaged in a particular business, but which are not plain on the face of the agreement, evidence may be received as to what that meaning is.

Thus, parol evidence may be received to show what is the business of a "cabinet and mahogany door-maker," and that it includes only the making of doors of mahogany and ornamental woods.

If, from the answer given by the judge to an inquiry of the jury, a party is apprehensive that the jury may be led to an erroneous supposition, he should suggest that to the judge, and not except merely, in general terms, to an instruction which is correct in fact.

Where the jury are correctly instructed on the questions of law, a doubt concerning the weight of evidence, is no sufficient reason for disturbing their verdict.

THIS was an action brought by the plaintiff, an infant, by his next friend, against the defendant, for breach of covenant, for not having taught the plaintiff, who had been bound an apprentice to him, the trade of a cabinet maker. The facts of the case are sufficiently stated in the opinion of the court.

*D. McMahon, jr.,* for the plaintiff.

*C. Lawton,* for the defendant.

*By the Court,* MITCHELL, J. The plaintiff sued the defendant on a covenant, by which the defendant bound himself to use the utmost of his endeavors to teach the plaintiff the trade of a cabinet, and mahogany door-maker. The covenant was not to teach him the trade, but to use his utmost endeavors to do so; and the proof that the defendant had done this, (so far as his own trade was concerned,) is too strong to justify the court in setting aside the verdict as against evidence. This leaves open the question, whether the plaintiff's trade came within the description of trade contained in the covenant. The plaintiff contended that the trade described was cabinet making,

Stroud *v.* Frith.

and mahogany door-making; the defendant, that it was only one trade, known in the trade and by the plaintiff, and his father, as cabinet and mahogany door-making. The plaintiff began by giving evidence to show the meaning of these words—his first witness testifying that he never heard of such a trade as *cabinet* door-making or cabinet and mahogany door-making, but had heard of cabinet making and mahogany door-making. The defendant, on his part, and in reply to this proof, proved by Mr. Brown, that Frith's business was like his, (the witness') and that the term "cabinet and mahogany door-making," *was used* to designate their business. The plaintiff objected and insisted that this was giving parol evidence to explain a written agreement. Parol evidence can not be given to explain an agreement, so as by it, to show, what the parties *agreed* to *do*. But when terms of art are used, and have acquired a definite meaning, known to those engaged in it, but not plain on the face of the agreement, evidence may be received as to what that meaning is. Thus, no one, not familiar with the trade, could tell all that a lad should be taught, who was to learn the trade of a cabinet maker; nor would one know, from the words alone, that a mahogany door-maker, was one who made the frame of the door of *pine* wood, and only laid on veneers of mahogany. So too, it is an almost daily occurrence in the United States district court, to have evidence as to the commercial understanding of what is any article included in the United States revenue laws.

This evidence was, therefore, admissible. The judge, it is said, went beyond this, and allowed evidence that the plaintiff, and his father, knew what the business was that the defendant carried on. But the judge allowed this, (as his charge showed,) not as evidence of what the meaning of the words was, but only to ascertain whether the plaintiff, and his father, knew of that meaning; and in his charge to the jury, he only authorized a verdict in favor of the defendant, if they should find not only that the "cabinet and mahogany door-making" was a *distinct* business in the city of New-York, and that the defendant was

in that trade, but also that the plaintiff, and his father, *knew* that the defendant was in that trade.

The jury inquired if the plaintiff learned the trade as carried on in the defendant's shop, whether that would be all that was necessary. The judge answered "yes, provided the jury should find that it was known to the parties that the defendant was engaged in the trade and business of a cabinet and mahogany door-maker."

The proviso implied that the jury must find that the defendant was engaged in that business, and that this was known to the parties; for it could not be known to the parties that he was engaged in the business, if he was not actually so engaged. If the plaintiff apprehended that the answer would lead the jury to suppose that the knowledge by the plaintiff of what the defendant's business was, would bind him, though the defendant was not actually a cabinet and mahogany door-maker, he should have suggested that to the judge, and not have excepted merely, in general terms, to an instruction which was correct in fact.

The struggle of the plaintiff was, to show that he had not been taught the trade of a cabinet maker, as distinct from that of a mahogany door-maker. Yet it is evident that the only trade he was to be taught, was that of a door-maker. The two nouns forming the compound word "door-maker" are joined together as one by a hyphen in the declaration, in the oyer of the indentures, in the pleas, and in the plaintiff's points, and it was understood on the argument, that they are so in the indentures. The only noun, therefore, that cabinet or mahogany is connected with is, the one word door-maker; and the trade to be taught was, therefore, (so far as the indentures alone show,) the one trade of making cabinet and mahogany doors, or of making cabinet doors and mahogany doors. There was no such distinct trade as cabinet door-making, although there is of mahogany door-making, and of cabinet and mahogany door-making. It appears that the defendant's business was not only making mahogany doors, but also doors of rose wood, satin wood and pine wood, and that this kind of door-making is a branch of the *cabinet business*. This explains how the term cabinet is joined

to mahogany. The business to be taught was not only mahogany door-making, but cabinet door-making, including in the two terms, the making of rose wood, satin wood, and even highly polished pine doors, as well as mahogany doors.

In this view of the case, the verdict is not against the weight of evidence. Besides, it is very questionable whether the plaintiff could show any actual damage, if he has been taught the door-making business, and not the cabinet business. Those damages are not to be proved by a witness stating them in a lump at $1000, but by proof of what the wages are that can be obtained by a journeyman in the one business, and what in the other. One witness says, that better wages could be got at *door work* than cabinet; another, that the plaintiff said he could get employment at cabinet work, but would not, the wages were so low. The plaintiff, when he left the defendant, received $4 a week, and in seven months afterwards received $6 a week, and the proof is that journeymen cabinet makers receive from $4 to $9 per week, which is an average of $6,50 per week; and it is not extraordinary that at first the plaintiff should receive the lowest wages.

The jury were correctly instructed on the questions of law, and there is no sufficient reason to disturb their verdict.

New trial denied, with costs to the defendant.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell,* Justices.]