SAMUEL WARNER, Appellant, *v.* WYAN DUNNAVAN, Appellee.

APPEAL FROM MORGAN.

The words "want of care," when used in instructions to a jury, mean, want of reasonable and proper care.

It is the right of a party, when he fears a jury may be misled by an instruction, to ask such further instructions as will explain those already given, and prevent the possibility of mistake.

It is not necessary, in an action on the case for negligence, to prove a demand and refusal.

THIS was an action of trover and conversion brought by Dunnavan against Warner, in the Morgan Circuit Court, WOOD-SON, Judge, presiding.

The first and second counts were in case for negligence in keeping certain hogs delivered to defendant below, and in consequence lost to plaintiff below.

Third count in trover and conversion for hogs.   The principal points decided by the Supreme Court are based on the instructions of the court below, which are sufficiently set out in the opinion.

I. L. MORRISON, for Appellant.

B. LEWIS, for Appellee.

CATON, C. J.   The two first counts in this declaration are in case for the loss of hogs through the negligence of the defendant, who was the bailee of the hogs, and the third count is in trover for the conversion of the hogs.

The first exception relied on, is to the giving of the following instruction for the plaintiff:   " The court instructs the jury, for the plaintiff, that if they believe, from the evidence, that the plaintiff bailed or entrusted to the defendant a certain number of hogs, to be fed by said defendant for him, and by him re-turned to said plaintiff, and that a part of these hogs were, by the negligence and want of care of the defendant or his agent, not re-delivered, but were lost to said plaintiff, and not accounted for and paid for by said defendant, then they may find for the plaintiff in whatever amount he has proven he was damaged, and under the first and second counts of the declaration no demand and refusal is necessary."

The objection taken to this instruction is, that it makes the defendant liable for the least possible degree of negligence. Such is not the fair understanding or meaning of this instruction. Its fair meaning is, that the defendant was liable if the hogs were lost for the want of reasonable and ordinary care bestowed upon them by him.   Such is the meaning of the word " care ". as here used, and so it would be understood by reasonable and intelligent men.   But few instructions are so drawn that a hypercritical reader may not find some fault, or to which some further explanations might not be given, which would make the real meaning more full or apparent to the uninformed.   Want of care, means want of reasonable and proper care.   Those words are implied, and understood by the ordinarily intelligent reader or hearer.   But few sentences are ever framed in our language where some words are not implied, and especially is it

so in the composition of our ancient law writers, whose ideas are conveyed in the fewest possible words, and it is for this peculiarity that their writings have been so universally and justly admired. It was the right of the defendant, if he feared that the instruction given for the plaintiff would be misunderstood by the jury, to ask such instructions as would explain what was meant by the words negligence and want of care. And this he did do in his second instruction, by giving which, the court instructed the jury that the defendant was not liable unless he was guilty of gross neligence in taking care of the hogs, thus, in fact, going beyond what the law warranted, and committing an error in favor of the defendant. The same may be also said of the first instruction, in which the jury were told that the plaintiff could not recover in the case unless he had proved a demand and a refusal. This instruction is made applicable to the whole declaration, whereas, the two first counts are in case for negligence, where no demand and refusal were required. Surely under this state of the case, the defendant has no reason to complain of the law as laid down by the court to the jury.

The only remaining question is, whether the evidence before the jury warranted their verdict. A careful examination of the evidence has convinced us not only that it warranted the verdict, but that no other verdict could have been reasonably found.

The judgment is affirmed.

*Judgment affirmed.*