JOSHUA G. HUBBARD *vs.* JOHN GALE & another.

Upon a motion to set aside a verdict and grant a new trial, on the ground of disability of a juror by sickness, the question whether the state of his health prevented a proper performance of his duty is a question of fact, the decision of which is not a subject of exceptions.

CONTRACT. Trial and verdict for the plaintiff in the superior court. The defendants moved to set aside the verdict and for a new trial, upon the ground "that after the case was committed to the jury one of the jurors was sick and thereby was unable to discharge his duties as a juror."

At the hearing on this motion, before *Pitman*, J., it appeared that the case was committed to the jury late in the afternoon, and they agreed upon the verdict about midnight; that during this interval one of them was ill, as stated by himself in a writing which he addressed to the judge, asking to be released from the jury on the ground that he had a severe cold, accompanied with headache and with severe pain in his back, felt feverish, and if at home should feel compelled to take to his bed; that he delivered this writing to the officer in charge of the jury, between nine and ten o'clock in the evening, and the officer forwarded it to the judge, who returned it with a memorandum that the juror might be discharged if the counsel of the parties would sign an agreement for his discharge and a waiver of any objection to the return of a verdict by the remaining jurors; that the officer dispatched a messenger to search for the counsel, but they could not be found; that the officer had no further communication with the jury until after midnight, when he was informed that they had agreed on a verdict, and discharged them; and that the state of the sick juror's health was unknown to the defendants or their counsel until after the verdict was returned.

On these facts the defendants contended that the juror's sickness entitled them, as matter of law, to a new trial; but the judge ruled otherwise, and overruled their motion, and they alleged exceptions.

*D. Saunders*, for the defendants.

*W. S. Knox*, for the plaintiff.

BY THE COURT. The state of the juror's health was a question of fact, to be decided by the presiding judge, and his decision was final, and not subject to exceptions.

*Exceptions overruled.*