ISAAC MERRITT *vs.* WILLIAM MORSE.

Unless it depend upon a question of law, the decision of a judge upon a motion for a new trial cannot be revised by this court.

CONTRACT. After the defendant's exceptions were overruled as reported, 108 Mass. 270, he filed in the Superior Court, January 9, 1873, a motion entitled a " motion for remittance of damages," as follows :

" And now comes the defendant, and says that the above described action was brought and tried upon the allegation, express or implied, that the plaintiff had paid the full consideration agreed upon and mentioned in the deed, to wit : $840 for the land, for a breach of the covenants of warranty in the deed whereof, the plaintiff has obtained a verdict for the sum of $372.21, as appears by the record. But the defendant says that the plaintiff, at the time of the purchase of the land, paid the defendant the sum of $40, and no more. He promised to pay the defendant $800 in three years from the time of the purchase, with interest semi-annually. And in pursuance of that agreement, the plaintiff made a promissory note payable to the defendant or order, whereby he promised to pay said sum of $800

in three years from date, with interest semi-annually ; and to secure the payment of said note as aforesaid, the plaintiff made a mortgage deed of the same land to the defendant in the usual form, conditioned on the payment of the said note and interest, and gave no other security. And the defendant says that at the time of the trial he had reason to believe, before and afterwards, the plaintiff would pay the same, it being the consideration of the deed, but the plaintiff wholly failed to pay any part thereof or of the interest. And thereupon the defendant made a peaceable and open entry upon the premises, as by statute required, for the purpose of foreclosing said mortgage, January 12, 1865, for the breach of the condition thereof. That in January, 1868, before three years had expired from the time of the entry to foreclose, the plaintiff brought his bill in equity to redeem the premises, in the Supreme Judicial Court, wherein after hearing the parties the court ordered, adjudged and decreed that the plaintiff might redeem the premises by paying the said note and interest and costs of court, on or before March 7, 1871. But the plaintiff failed to redeem the premises, and the foreclosure then became absolute, and the defendant was obliged to receive the land in payment of said note ; and the plaintiff claims, and it has been adjudged, that the land so received was of the full value of the note and interest, and operated as a full payment thereof. And the defendant says the plaintiff continued to occupy the premises from the time of the purchase until March 7, 1871, and the fair rental value thereof was $125 per year, for which he made no payment, nor can he be compelled to. And so the defendant says upon these facts which he is ready to verify, the plaintiff never having paid a greater sum than forty dollars, and not being legally liable to pay any more for the land conveyed, the mortgage and original deed being a part of the same transaction, he is not entitled to receive a greater sum in damages for breach of the covenant in his deed than he has actually paid or is legally liable to pay, to wit, the sum of $40. Wherefore the defendant prays that this matter may be inquired of, that the verdict be set aside and a new trial had therein, or that the plaintiff be allowed for damages in final judgment on the count for breach of covenant in the

deed, the sum of $40, and no more. That he be required to remit from his verdict all in excess of that amount, and that such other order may be made in the premises as justice requires."

At the same time the defendant filed another motion entitled a " motion to reduce damages," as follows :

" And now comes the defendant and in addition to the matters set forth in his motion this day filed, and relying upon the facts therein stated, says that from May, 1863, the date of the deed, until March 7, 1871, the plaintiff occupied the premises and derived profits therefrom of the value of more than $800, for which he has paid but $40, as set forth in the preceding motion, and this he is ready to verify. He therefore moves that said sum of $800, or such sum as it may appear the profits of the premises during said period were worth, be deducted from both the verdicts in the case, and that the plaintiff take judgment only for the balance found due after deducting from the verdicts the amount of said profits.

" He further says that the defendant before trial paid all the damages accrued or accruing by reason of any breach of covenant arising from any incumbrance or want of right to flow by the dams mentioned in the declaration, and established the plaintiff's right to flow all that it is claimed that the deed gave the plaintiff the right to flow, and the plaintiff paid nothing therefor ; and this he is ready to verify. And he says the special findings of the jury giving by their verdict $10 in damages for the land which the lower dam will flow, and $75 for the land which the upper dam will flow, should be reduced to nominal damages, and he moves that it be so reduced for the reasons before stated."

*Bacon*, J., without hearing evidence as to the statements set forth in the motions, ruled that the allowance of the motions, even if they were supported by proof, would be within the discretion of the court, and overruled the motions. The defendant alleged exceptions.

*J. Brown*, for the defendant.

*E. Robinson*, (*C. A. Reed* with him,) for the plaintiff.

MORTON, J. The motions filed by the defendant January 9, 1873, and overruled by the Superior Court, were simply motions

for a new trial upon the ground that the damages found by the jury were excessive. Such a motion is addressed to the discretion of the presiding judge, and his decision cannot be revised unless it rests or depends upon a question of law. *Lowell Gas Light Co.* v. *Bean,* 1 Allen, 274. *Doyle* v. *Dixon,* 97 Mass. 208.

The declaration in this case contains counts alleging a breach of the covenants of warranty and of the covenant against incumbrances, as well as of the covenant of seisin. The damages were not necessarily measured by the amount paid by the plaintiff for the land. If all the facts stated in the defendant's motions are true, it does not follow as matter of law that he is entitled to a new trial. It is a matter within the discretion of the presiding judge, who knows what took place at the trial, and can best determine whether justice requires that the verdict should be set aside.                        *Exceptions overruled.*