[Filed June 3, 1885.]

# L. S. KEARNEY v. WM. J. SNODGRASS AND T. F. MINOR.

### AND

# J. S. JONES v. WM. J. SNODGRASS AND T. F. MINOR.

MOTION FOR NEW TRIAL—EXCEPTION—APPEAL.—No exception can be taken to an order on a motion for a new trial, nor can such order be considered on appeal.

ERROR—EXCEPTION.—It is not error, simply, but error legally excepted to, that constitutes ground for reversal.

ID.—PRACTICE.—An exception in general terms to an instruction which is correct in point of law cannot avail a party on appeal. The proper mode is to except to the instruction, and ask that the proper instruction be given; or when the instruction is irrelevant, to ask that it be withdrawn.

CONTRACT—LIABILITY OF INCOMING PARTNER.—Where K. agreed to deliver cattle to F. and R. at a future time, and the latter were to give their promissory note in payment upon such delivery, and before the time of delivery S. and M. became partners with F. and R. in the agreement, and in pursuance thereof the note was executed in the name of the partnership, S. and M. thereby became liable to K., although K. at the time he took the note did not know they were such partners.

UMATILLA COUNTY.   Defendant appeals.   Affirmed.

The facts sufficiently appear in the opinion.

*R. Williams*, for Appellant.

*W. Lair Hill*, and *H. Y. Thompson*, for Respondents.

WALDO, C. J.—This action was brought against Foster, Reeves, Snodgrass, and Minor, as partners and principals, and R. G. Thompson as surety, on a promissory note executed by Foster in the name of the partnership, Foster, Reeves & Co., and signed by R. G. Thompson as surety. Snodgrass and

Minor, the appellants here, denied the complaint. They also set up as a separate defense that the note was given in execution of a contract made by Foster and Reeves with the plaintiff, to which they were strangers, and they also set up what they claim to have been the actual business relations between the alleged partners, which did not extend to the transaction in question. The so-called separate defense was, doubtless, immaterial, and might have been stricken out on motion.

When the case was first before us we examined it, in effect, as if before us on a motion for a new trial. The case is, in fact, here on a bill of exceptions, on appeal, as a substitute for a writ of error. The distinction is important. In the latter case we have nothing to do with the merits of the verdict, or with the evidence as a whole, which has been set out in full in the transcript. Only so much of the testimony should be put into a bill of exceptions as is necessary to explain the exceptions taken. (*Johnston* v. *Jones*, 1 Black, 220.) At the same time, the record should show the relevancy of the exception to the issue. (*Hughes* v. *Parker*, 1 Port. 141.)

No writ of error lay at common law, or under the statute of Edw. I., to the decision on a motion for a new trial. "A new trial," says Tucker, J., in *Kinney* v. *Beverley*, 2 Hen. & M. 327, "is only a new invention introduced on account of the severity of the judgment of *attaint*, to avoid which it was thought best to proceed in a milder way, and so new trials were introduced." "An application for a new trial was not a matter of right. It was granted *ex gr.*, to prevent a failure of justice." Gibson, C. J., said that a writ of error founded on a mistake of the jury in deciding facts would be a novelty in our jurisprudence (*Burd* v. *Dansdale*, 2 Binn. 90); or, as he expressed it in *Sidwell* v. *Evans*, 1 Pen. & W. 383, it is not the business of the court on a bill of exceptions to judge of the quantum of proof, or to correct the errors of the jury. A "bill of exceptions," as the very expression shows, must contain exceptions. (*U.S.* v. *Jarvis*, 3 Wood. & M. 225.) But an exception lay only for some error of law occurring at the *trial*. (*Onondaga Ins. Co.* v. *Minard*, 2 N. Y. 98; *Walton* v. *U. S.* 9 Wheat. 657; *Dodd-*

*ridge* v. *Gaines,* 1 McAr. 339.) This definition has been incorporated into our civil procedure act. (Laws Oreg. 151, § 227.) A motion for a new trial was made after verdict and before judgment, and hence no *exception* lay to any ruling made on such motion. The reason arose out of the nature of a motion for a new trial itself, in which the cardinal object was not to correct the errors of the court, but of the jury. In *Hood* v. *Huntson,* Styles, 466, in the time of the protectorate, the first reported case in which a new trial was granted, the object was to give a second jury the opportunity to correct an error of the first. Glyn, C. J., said in that case that it was for "the people's benefit" that new trials should sometimes be had. But he seems not to have forgotten that the power might easily be exercised to their detriment. The discretion of courts has been called the law of tyrants.

Lord Kenyon said, in *Calcraft* v. *Gibbs,* 5 Term. Rep. 20, that an application for a new trial was a direct appeal to the laws and justice of the country, and could not be tried and disposed of on any other rule. So in *Rex.* v. *Mawbey,* 6 Term. Rep. 638, he said:—

"I think the rule was correctly stated by the counsel for the defendants, that in granting new trials the court knew no limitations except in some excepted cases; but they will either grant or refuse a new trial as will tend to the advancement of justice."

And see Buller, J., *Wilkinson* v. *Payne,* 4 Term. Rep. 468; Amhurst, J., *Edmondson* v. *Machell,* 2 Term. Rep. 5; Lord Mansfield, *Bright* v. *Eynon,* 1 Burr. 393; *Hewitt* v. *Jones,* 72 Ill. 218. So it is said in *Smith* v. *Brampston,* 2 Salk. 644, n., that where complete and substantial justice has been done, a new trial will not be granted, though the judge who tried the case may have been mistaken in point of law; nor will the court give a second chance to an unconscionable defense, though the verdict be against the weight of evidence and the strict rule of law. In *McLanahan* v. *Universal Ins. Co.* 1 Peters, 183, Mr. Justice Story said:—

"It is to be considered that these points do not come before this court on a motion for a new trial after verdict, addressing

itself to the sound discretion of the court. In such cases the whole evidence is examined with minute care, and the inferences which a jury might properly draw from it are adopted by the court itself. If, therefore, upon the whole case, justice has been done between the parties, and the verdict is substantially right, no new trial will be granted, although there may have been some mistakes committed at the trial. The reason is that the application is not matter of absolute right in the party, but rests in the judgment of the court, and is to be granted only when it is in furtherance of substantial justice. The case is far different upon a writ of error, bringing the proceedings at the trial, by a bill of exceptions, to the cognizance of the appellate court. The directions of the court must then stand or fall upon their own intrinsic propriety as matter of law."

The practice in England in regard to new trials seems to have been to get leave of the judge who presided at the trial to move for a new trial. If leave were granted, the motion was heard on the judge's report before the court in Bank at Westminster, and the decision was final. (*Miller* v. *Baker*, 20 Pick. 285; *Johnson* v. *Macon*, 1 Wash. Va. 5.)

There is no express provision in our Code of Civil Procedure for the review of the decision of a Circuit Court on a motion for a new trial. The Code has defined an exception, which must be taken before verdict. A bill of "exceptions," therefore, will not lie more than at common law. An appeal may be taken from an order affecting a substantial right, and which, in effect, determines the action so as to prevent a judgment. (§ 525.) An order denying a new trial does not affect a substantial right. Until the right of appeal is created by statute it does not exist as a strict legal right, nor does it determine the action so as to prevent a judgment. So it is not a final order under the same section, affecting a substantial right, or made in a proceeding after judgment. Such an order is not made after judgment. The motion suspends the judgment. (*Truett* v. *Legg*, 32 Md. 149; *Page* v. *Cole*, 123 Mass. 93.) It is not an intermediate order involving the merits of the action under section 535. (See opinion of Selden, J., *St. John* v. *West*, 4 How. Pr. 329.)

Title 8, Civil Code, § 152, provides for what causes a verdict may be set aside and a new trial granted. Every cause mentioned depends on a question of fact except the last, and certain cases, probably, under the first subdivision. The sufficiency of the evidence under the sixth subdivision is a question of fact, though whether there be any evidence is a question of law. (Buller, J., *Carpenter's Co.* v. *Hayward*, 1 Doug. 375.)

It has been expressly decided by this court that an appeal will not lie in such cases from a decision on a question of fact. Thus Boise, J., in *State* v. *Fitzhugh*, 2 Oreg. 236, said:—

"As to those matters which were contained in the affidavits filed in support of the motion for a new trial, they were questions of fact, and were addressed to the sound discretion of the Circuit Court, and are, therefore not the subject of review here."

And in *Hallock* v. *Portland*, 8 Oreg. 29, Prim, J., said:—

"As the motion for a new trial was founded wholly upon the insufficiency of the evidence to justify the finding of fact, the granting the motion was a matter resting wholly in the discretion of the court below, and cannot be reviewed on appeal."

In Massachusetts there is a statute providing that exceptions may be taken to the opinion, ruling, direction, or judgment given or made on a motion for a new trial. The matters of law referred to seem to have been other than those available on a bill of exceptions. But it is there held that a motion for a new trial, so far as it depends on a question of fact, is addressed exclusively to the discretion of the presiding judge. (*Doyle* v. *Dixon*, 97 Mass. 213.) Hence, no appeal lies from a decision on a motion for a new trial on the ground of newly discovered evidence, or insufficiency of the evidence to justify the verdict, or that the damages are excessive, or on any other question of fact. (*Shea* v. *Lawrence*, 1 Allen, 167; *Lowell Gaslight Co.* v. *Bean*, 1 Allen, 274; *Merritt* v. *Morse*, 113 Mass. 271; *Norton* v. *Wilbur*, 5 Gray, 7; *Kidney* v. *Richards*, 10 Allen, 419; *Hubbard* v. *Gale*, 105 Mass. 511.) Now, if there be no appeal under title 8, page 152, of the Civil Code from decisions on motion for new trials on questions of fact, as has been decided,

there is, for the same reasons, none on questions of law. If a party choose to move for a new trial in the court below on points contained in his bill of exceptions, there is a question if he must not abandon his exceptions, if so required. (*Sylvester* v. *Mayo*, 1 Cush. 308; *West* v. *Cunningham*, 9 Port. 109; *Berry* v. *Singer*, 10 Ark. 483.) If an appeal were to lie at all from a decision on a motion for a new trial, the proper practice would seem to be to appeal from the order, and thereby preserve the distinct character of the proceeding. (See *Elliott* v. *Benedict*, 13 R. I. 466.) Or, if the statute were to permit the two proceedings to be joined in the same appeal they should be kept distinct. (See *Elkins* v. *Boston & A. R. R.* 115 Mass. 190.) It is evident, therefore, that if an order on a motion for a new trial were appealable, the statute should provide that a case should be made specially for that purpose. (*Farmers' Bank* v. *Whinfield*, 24 Wend. 420.) We have no such provision. A bill of exceptions does not, as we have seen, extend to it. It follows that the assignment of error in overruling a motion for a new trial, so frequently found in our bills of exceptions, is a nullity. It is with us as at common law, and with some of the other States — such matters lie in the discretion of the judge presiding at the trial. (*Sittig* v. *Birkestack*, 38 Md. 158; *Final* v. *Backus*, 18 Mich. 218.) It was error, therefore, in the case in hand to examine it as if it were a motion for a new trial. It is here on a bill of exceptions to the directions given the jury. Those which present the most difficulty were on the law of limited partnership under the statute. There was no question of the kind in the case. They were abstract propositions of law which could not be, and were not attempted to be applied to the case. It is claimed, however, that the jury were, or might have been, misled by them. Be it so; but it is not error simply, but error legally excepted to that constitutes ground for reversal. An exception in general terms to an instruction which is correct in point of law can never avail the party on a bill of exceptions. In *Jones* v. *Osgood*, 6 N. Y. 235, the court say: —

"The exceptions did not call the attention of the judge to the points which were claimed to be erroneous. They did not sug-

gest to his mind what the counsel excepting would have him hold, or wherein his charge was wrong."

So in *Sharp* v. *Burns*, 35 Ala. 663 :—

"If the charge was ambiguous, or tended to mislead the jury, without asserting an erroneous proposition of law, the defendants should·have protected themselves by asking an explanation."

"The proper practice in such a case is to except to the instruction, and ask that the proper instruction be given. (*Reed* v. *Call*, 5 Cush. 14; *Edwards* v. *Carr*, 13 Gray, 238.) Or where, as in this case, the instruction was wholly irrelevant, to call the attention of the court to the fact, and ask that it be withdrawn. (*Carlock* v. *Spencer*, 7 Ark. 12. See *Warner* v. *Dunnavan*, 23 Ill. 380; Pateson, J., *Taylor* v. *Willans*, 2 Barn. & Adol. 861; *Carver* v. *Jackson*, 4 Peters, 81; *Ex parte Crane*, 5 Peters, 198; *Geary* v. *People*, 22 Mich. 220; *Stroud* v. *Frith*, 11 Barb. 302; *Sittig* v. *Birkestack*, 38 Md. 158.)

The exceptions were themselves misleading. The court could not know in what the alleged error consisted, or what counsel would have. As propositions of law they were not incorrect; or, if so, they did not apply to any issue in the case. "A decision on an abstract question of law, if clearly wrong, is no ground for reversal." (*Hughes* v. *Parker*, 1 Port. 144.)

No just objection lies to any other of the instructions. As a question of law, if Foster and Reeves made a contract with Kearney, for cattle to be delivered at a certain time, and upon such delivery they were to execute to Kearney their promissory note in payment, and before the day of delivery arrives Snodgrass and Minor entered into a contract with Foster and Reeves by which they were to become partners in the purchase of the cattle, and if, in pursuance of such an agreement, the note was executed in the name of the partnership, Snodgrass and Minor became liable to Kearney, although Kearney, at the time he took the note knew nothing of such agreement. (*Johnston* v. *Warden*, 3 Watts, 101.) So the question of sale was one of law, which the court should have decided. The original contract in writing shows that there was no sale prior to the date of the

alleged partnership agreement, and consequently there was no indebtedness to be assumed.

A complete answer to the objections to the special findings of the jury is the original contract itself, which shows but an agreement to sell, on which either party to the contract might have been held liable in damages for failure to perform, but which effected no change of title, nor created any present indebtedness. The jury say in the first finding that there was no purchase. They therefore found correctly what they should not have been called upon to find at all. The second finding related to the formation of the partnership. At that time there was nothing due Kearney on the cattle; consequently they must find, as they did, that Snodgrass and Minor did not assume, for a valuable consideration or otherwise, a debt which did not exist. There is no inconsistency whatever, then, between the special findings so called, and the general verdict.

The above considerations directly and indirectly cover all the points of law argued and relied upon by counsel. They constitute no ground for reversal. The judgment must therefore be affirmed.

THAYER, J., did not sit.