STEPHEN H. BOWMAN, ADM'R, ETC.,

v.

JOHN NEELY.

*Negotiable Instruments—Note—Interest on Interest—Sec. 2, Act of 1874.*

A clause in a promissory note, executed in this State, February 12, 1876, providing for "interest payable annually, and if not so paid to become principal and bear the same rate of interest," was not usurious, and was within the contracting power of the parties.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Jersey County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. T. S. CHAPMAN and A. M. SLATEN, for appellant.

In the case of Hoyle v. Page, reported in 41 Mich. 553, opinion by Justice Cooley, on note providing for payment of $1,400 on or before ten years after date, "with annual interest at the rate of ten per cent. per annum, and in case said interest is not paid at the end of each year it is expressly agreed that said interest shall become principal and draw interest at the rate aforesaid," which is in substance and effect the same provision relied upon in this case to collect compound interest, the court say: "At the date of this obligation there was no statute in this State expressly providing for the compounding

of interest and it has been generally believed that it was not competent without such a statute to make a valid contract in advance for interest upon overdue installments of interest. Such was the conclusion of Chancellor Kent at an early day." Connecticut v. Jackson, 1 Johns. Ch. 13; Van Bauschooten v. Lawson, 6 Johns. Ch. 314. "And" his conclusion seems to commend itself to the judgment of our people, as it did to that of judicial tribunals of other States." Sparks v. Garregues, 1 Binn. 165; Stokely v. Thompson, 34 Penn. St. 210; Hastings v. Wasivall, 8 Mass. 455; Van Hermet v. Porter, 11 Met. 210; Ferry v. Ferry, 2 Cush. 92; Doe v. Warren, 7 Me. 48; Niles v. The Board, etc., 8 Blackf. 159; Grimes v. Blake, 16 Ind. 160; Leonard v. Villars, 23 Ill. 377.

"The judgment of Chancellor Kent has been recently criticized in New York, but it has been affirmed by a majority of the Court of Appeals after full discussion." Young v. Hill, 67 N. Y. 162.


Mr. J. S. CARR, for appellee.

This annual interest was not an open running account, but was a sum certain, due at a definite time, on which, under the statute in force when this note was made, interest was allowable. Alcohol Works v. Sheer, 8 Ill. App. 370; Dobbins v. Higgins, 78 Ill. 442; Ditch v. Vollhardt, 82 Ill. 134; Maltman v. Williamson, 69 Ill. 423; Haight v. McVeigh, 69 Ill. 624; Clark v. Dutton, 69 Ill. 522.

The latter case contained a very clear definition of the two classes, liquidated and unliquidated demand.

This note and its force and effect is to be adjudicated upon the law in force at its date. Herring v. Woodhull, 29 Ill. 100.

But if the special contract contained in this note is found to be unaffected or uncontrolled by any statute of this State, it is to be enforced strictly according to its terms. Parmlee v. Lawrence, 48 Ill. 343.

See further, Gilmore v. Bissell, 124 Ill. 490; Harper v. Ely, 70 Ill. 586; Humphreys v. Morton, 100 Ill. 602; Scott v. Saffield, 37 Ga. 384; Hale v. Hale, 1 Cold. (Tenn.) 233; Brewster v. Wakefield, 1 Minn. 352; Bledsoe v. Nixon, 69 N. C.

81; Lewis v. Paschal, 37 Tex. 318; Sellick v. French, 1
Am. Lead. Cases, 650; Pawling v. Pawling, Yeates (Pa.), 220;
Watterson v. Root, 4 Ohio, 373; Preston v. Walker, 26 Iowa,
205, 213; Mann v. Cross, 9 Ia. 327; Pierce, Ex., v. Rowe, 1
N. H. 179, 3 N. H. 40; Page v. Williamson, 54 Cal. 562;
Greenleaf v. Kellogg, 2 Mass. 567; Cattin v. Layman, 26
Vt. 46; Capen v. Crowell, 66 Maine, 282; Craig v. Collender,
2 Minn. 350; Kent v. Brown, 3 Minn. 347; Cramer v. Lep-
per, 26 Ohio State Rep. 59; Calhoun v. Marshall, 61 Ga. 275;
Kennon v. Dickens, N. C. Conference Rep. 357; Taliaferro,
Ex'r, v. King, 9 Dana (Ky.), 331; Anktell v. Converse, 17 Ohio
State Rep. 11; Brewster v. Wakefield, 1 Minn. 352; Mills v.
Jefferson, 20 Wis. 54–65.

CONGER, J.  Appellee filed a claim in the Probate Court
of Jersey County against the estate of Joshua Neely,
deceased, which claim was based upon the following promis-
sory note:

"$3,381.31.                    JERSEYVILLE, ILL., Feb. 12, 1876.

" One year after date, for value received, I promise to pay
to the order of John Neely, thirty-four hundred eighty-
one 31-100 dollars, with ten per cent. interest from date, at
the banking house of Cross, Carlin & Co.  Interest payable
annually, and if not so paid to become principal and bear the
same rate of interest.

"JOHN HOPPER.<br>
"JOSHUA NEELY."

There were certain credits indorsed upon the note.  The
County Court allowed interest upon the principal alone.  The
case was appealed to the Circuit Court where judgment was
entered for $5,532.46.

The court computed interest not only on the principal, but
also on each annual installment of interest from the time it
was due, according to the terms of the note to the date of the
judgment.  It is this holding of the Circuit Court that is
assigned as error.

The authorities upon this question are not at all harmo-

nious. In the case of Connecticut v. Jackson, 1 John. Ch. 13, Chancellor Kent says: "Even an original agreement at the time of the loan or contract, that if interest be not paid at the end of the year, it shall be deemed principal and carry interest, will not be recognized as valid. Such a provision would not amount to usury so as to render the contract connected with it illegal and void at law (La Grange v. Hamilton, 4 Tenn. Rep. 613, 2 H. Black. 144), but this court certainly, and perhaps a court at law, would not give effect to such a provision."

In the case of Hoyle v. Page, reported in 41 Mich. p. 553, opinion by Justice Cooley, on note providing for payment of $1,400 on or before ten years after date, "with annual interest at the rate of ten per cent. per annum, and in case said interest is not paid at the end of each year it is express'y agreed that said interest shall become principal and draw interest at the rate aforesaid," the court say: "At the date of this obligation there was no statute in this case expressly providing for the compounding of interest and it has been generally believed that it was not competent without such a statute to make a valid contract in advance for interest upon overdue installments of interest. Such was the conclusion of Chancellor Kent at an early day." Quite a number of other courts have followed the views above expressed; other cases make a distinction between a promise to pay interest upon interest, made at the time of the original contract, or after the interest becomes due, holding that the latter can be enforced, while the former can not.

A further distinction is made in some of the cases between an agreement like the one in the note in this case, and when the promise to pay interest is contained in separate instruments or coupons from the principal obligation.

In Brewster v. Wakefield, 1 Minn. 352, 69 Am. Dec. 343, the court say: "The rate of interest on money is a proper and lawful subject of contract." * * * "As well might it be said that a tenant, holding over after the expiration of his term, should not pay rent at the rate reserved in the lease under which he entered, * * * as that the

maker of the note under our statute be not liable to pay the rate of interest on his debt overdue, which he, by his promise, agreed it should bear before maturity. They both stand upon the same footing. The tenant refuses to surrender at the expiration of his term, and for that reason he will not pay the rent agreed upon in the lease, and insists upon a right to be discharged by payment of a less rate upon a mere legally implied promise to pay the value of the use and occupation; the maker of a note refuses to pay at maturity, and for that reason insists that he is discharged from his agreement to pay interest, and the payee entitled only to the legal and less rate. Such a principle and rule has never been tolerated between landlord and tenant, and never should be allowed to prevail between the promisor and promisee in a contract for the payment of money. The moral influences and effect of such a rule, if allowed to prevail, are in all respects deleterious and reprehensible. The rule, if applied to contracts made in view of our statute, offers a premium upon bad faith, and allows persons to reap rich harvests of wealth out of their violated promises and forfeited pledges; it allows them to avail themselves of benefits derived from their own wrongs, and to enjoy them. To such a doctrine I can not assent, in whatever form it may arise."

In Bledsoe v. Nixon, 69 N. C. Rep., cited in American Reports, Vol. 12, p. 24, that court said: "When a certain sum of money is to be paid at a specified time, on failure to pay, the party is to be charged with interest; the price for the use of money, like rent due for land or the hire of a horse, being the money of the one, which the other party is having the use of and should pay for." * * * "When there is an agreement set out in the note for the payment of interest annually or semi-annually, the maker is chargeable with interest at the like rate upon each deferred payment of interest in like manner as if he had given a promissory note for the same amount, is sound on principle. By this mode of computation compound interest is not given, but a middle course is taken between simple and compound interest. By computing interest in this way effect is given to the stipula-

tion to pay interest at fixed times; whereas, if simple interest be computed, no effect whatever is given to the stipulation in regard to interest, and the court assumes the power to expunge it as surplusage, although it is manifest that the parties intended it to have some effect."

In Lewis v. Paschal, Adm'r, 37 Texas, 318, which was an action to recover interest on interest accrued on a promissory note, "payable without defalcation or discount, with interest at the rate of ten per cent per annum payable annually from date," this whole subject is ably discussed, citing Andrews v. Hoxie, 5th Texas, and the action was sustained, the court declaring the contract neither usurious nor against public policy, but a proper subject of contract. In 1 American Leading Cases, 650, Sellick v. French, it is said: 1st. An agreement to pay interest on interest is not usurious nor illegal. 2d. That the better opinion is, that at law, such an agreement made either at or after the time of the original contract will be enforced. 3d. That where there is an express stipulation that interest shall be paid at fixed times, as annually or at the end of each year, even if the principal be due at or before the first installment of interest is due, interest is to be charged upon the interest from the time it is payable.

In the case of Pawling v. Pawling, Adm'r, 4 Yeates' Penn. Reports, 220, the subject of interest on interest is very ably discussed and the rule announced that a contract like that at bar would be sustained. In 3 Parsons on Contracts, 150, it is said: "We are aware of no case in England or in this country,' in which a contract to pay compound interest has been held to be usurious so as to become totally invalid." And on page 153 it is said: "And for the reason that this aversion of our law to allow money to beget money, has of late years very much diminished, we do not think it absolutely certain that a bargain in advance for the payment of compound interest in all its facts reasonable and free from suspicion of oppression, would not be enforced at this day in some of our courts."

In City of Aurora v. West 7 Wall. 82, the Supreme Court of the United States in passing upon the question whether dishonored coupons should bear interest, say:

"Being written contracts for the payment of money, and

negotiable because payable to bearer and passing from hand
to hand as other negotiable instruments, it is quite apparent
on general principles that they should draw interest after the
payment of the principal is unjustly neglected or refused.
Where there is a contract to pay money on a day fixed, and
the contract is broken, interest, as a general rule, is allowed,
and that rule is universal in respect to bills and notes payable
on time." Gelpecke v. Dubuque, 1 Wall. 206. In Mann v.
Cross, 9 Iowa, 327, which was a suit to foreclose a mortgage
given to secure a note bearing ten per cent interest, payable
annually, the court said: "Was he (the mortgagee) entitled
to six per cent interest upon the interest annually due ? We
think he was. The respondent was under a legal obligation
to pay this interest at the end of the year; it was a sum of
money then due, without a contract fixing the rate of interest
upon it, and for which he might have sued. He was, there-
fore, bound to pay its legal value which, by our law, in the
absence of a written agreement reserving more, is fixed at six
cents on the hundred." See, also, Hersey v. Hersey, 18 Iowa,
24; Mills v. The Town of Jefferson, 20 Wis. 50. In the
latter case, the court say: "When a person agrees to pay
interest at a specified time, and fails to keep his undertaking,
why should he not be compelled to pay interest upon interest
from the time he should have made the payment ? If he
undertakes to pay a sum at a given time, to the owner, and
makes default, the law allows interest on the sum wrongfully
withheld from the time he should have made such payment."
Our own Supreme Court in Leonard v. Adm'r of Villars, 23
Ill. 380, uses the following language: "To compute interest
upon interest after its maturity, has by all courts, whether
exercising equity or common law jurisdiction, been held to be
compound interest, and in violation of law. This question
has been frequently presented, and, it is believed, uniformly
held to be unauthorized. We are not aware of any well con-
sidered case which has held there is an implied legal or moral
obligation to pay interest upon unpaid interest after maturity.'

The case at bar is, however, different from the above, in
two particulars. In this case there is an express promise to
pay interest upon interest, and in the judgment of the Cir-

cuit Court compound interest was not allowed—interest only being allowed upon the annual interest due upon the principal sum, but none upon such interest accruing upon the annual interest, which would be required to make compound interest.

In Harper v. Ely, 70 Ill. 586, the court clearly recognizes the doctrine of the United States Supreme Court, that where installments of interest are evidenced by coupons, interest should be computed upon them, if they are not paid at their maturity. In Gilmore v. Bissell, 124 Ill. 490, the court say: " The mortgagors had agreed to pay the interest on the mortgaged debt annually, and it was their duty to observe that agreement; but they failed to pay each year, as the interest became due. When the time, however, came to renew the debt, the mortgagors had the right, if they saw proper, to redeem their agreement, and pay interest on the interest; and their agreement to pay that interest was not illegal, nor did it render the transaction usurious. What was done was but the performance of a contract made by the parties, which they had a right to do."

It appears, therefore, that the Supreme Court of this State has never passed upon the exact question presented by this record, but have held, first, where a note is given with interest payable annually, the payee may sue for and recover the interest at the end of each year. Walker v. Kimball, 22 Ill. 537. Second, that where such annual interest is evidenced by coupons, interest should be computed upon them if they are not paid when due. Third, that when interest is not paid according to the agreement of the parties, they may, after such interest accrues, lawfully contract for such interest to bear interest.

We are inclined to think there is no substantial difference in principle, between a note like the one in this case, where the contract to pay a certain sum as interest annually is contained in the same paper with the contract to pay the principal sum, and one where the interest is secured by a separate instrument or coupon. In either case it is all one contract, executed at one time, and we think should be construed the same whether upon one piece of paper or many.

The fact that a coupon may be severed from the principal

note and pass into other hands and thus give different persons rights, should not make any difference in construing the contract when executed, or so long as it remains entire in the hands of the original parties.

Nor do we see any good reason for saying that an agreement to pay interest upon interest may lawfully be made after the original interest is due, but not before. A contract tainted with usury can not be confirmed at any time while any part of the debt is unpaid, because it was illegal to make such contract originally; hence it would seem that if it be illegal to make a contract in advance to pay interest upon interest, it could not be regarded as legal to make such contract after there is a default in the payment of the original interest, as was held could properly be done in Gilmore v. Bissell, *supra*.

But when the statute on interest is considered it would seem there can be no doubt that the holding of the Circuit Court was right. Section 2 of the statute of 1874, which was the statute in force when the note was executed, provides : " Creditors shall be allowed to receive at the rate of six per centum per annum, for all moneys after they become due on any bond, bill, promissory note, or other instrument in writing." Section 4 provides " in all written contracts it shall be lawful for the parties to stipulate or agree that ten per cent per annum, or any less sum of interest, shall be taken and paid upon every $100 loaned, or in any manner due." The latter clause, "or in any manner due," seems to include the annual installments of interest in the note before us. They were due at a definite time; it was the duty of the debtor then to pay them, and he had expressly provided at the time of making the note that if not so paid they should become a part of the principal and bear the same rate of interest. The maker of the note was authorized by this statute to make the exact contract that he did, and we see no reason, either in law or morals, why it should not be enforced as the parties made it.

In Ord on Usury, 36, it is said that "it is not illegal to stipulate for compound interest, or that interest as it becomes due shall be converted into principal, and carry interest," though by the civil law this was not allowed. The judgment will be affirmed.                    *Judgment affirmed.*