Argued by appellant and submitted on brief by respondent April 5, affirmed May 22, 1928.

## CLACKAMAS ADJUSTMENT COMPANY *v.* W. Z. HIGHT.

### (267 Pac. 523.)

**Trial — Motion for Directed Verdict Should State Basic Grounds, and not Argument in Support Thereof.**

1.   Motion to direct verdict should state grounds on which motion is based, and not argument in support thereof.

**Trial — Directed Verdict on Ground Evidence Did not Support Affirmative Defense Held Properly Denied, Where There was Some Competent Supporting Evidence.**

2.   Motion for directed verdict on ground of lack of evidence to support defendant's affirmative defense *held* properly denied, where such defense was sustained by some competent evidence.

**Damages—Set-off and Counterclaim—In Action on Assigned Claim, Loss of Profits Arising from Breach of Another Contract by Plaintiff's Assignor may be Asserted as Affirmative Defense.**

3.   In action on assigned claim for balance due on wood delivered, loss of profits by defendant arising from breach of another contract by plaintiff's assignor might be asserted as affirmative defense, where such profits entered into contract itself, and were within contemplation of parties at time contract was executed.

Appeal and Error—No Exceptions can be Taken to Order on Motion for New Trial, nor can Such Order be Considered on Appeal.

4.   No exceptions can be taken to order on motion for new trial, nor can such order be considered on appeal.

Appeal and Error, 4 C. J., p. 685, n. 24.
Damages, 17 C. J., p. 788, n. 70, p. 793, n. 81.
Trial, 38 Cyc., p. 1567, n. 96.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

The plaintiff brought this action upon an assigned claim of one W. F. Cary. The complaint is based upon the sale and delivery of wood to the defendant by Cary, and avers that, after certain payments were made upon the purchase price of the wood, there remained due and unpaid a balance of $722.53. The defendant admits that he received a portion of the wood, and, for a further and separate defense, affirmatively pleads the breach, by plaintiff's assignor, of an alleged contract between the assignor and this defendant. From a judgment in favor of the defendant, plaintiff appeals to this court.    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Philip Hammond.*

For respondent there was a brief over the name of *Mr. E. W. Eastman.*

BROWN, J.—The appellant assigns error of the court in refusing to direct a verdict for plaintiff, and in refusing to grant a new trial.

The motion for a directed verdict, which, in a large degree, is argument, reads:

"If your Honor please, before beginning the argument, I wish to renew my motion for the plaintiff,

completing the record, and make a motion for a directed verdict. There has been no testimony here in regard to loss of profits. The only testimony that was put on, if any, were the three men who were put on this afternoon; and they admitted that they had purchased other wood. I made a motion to strike from the record the remaining testimony, and I wish to have that reconsidered at this time. Further, I think that it would be impossible for the jury to consider the matter of lost profits, because they will have to speculate on the profits. Your Honor will recall that the profits were not—there was very little testimony put in here in regard to profits—$1.60—and then the defendant, who carried the burden of proof, did not testify as to other items of expense that might be in the cost of delivering the wood; and they were there, but he said he didn't know what they were; and to permit the jury to speculate how much of the $1.60 a cord would be or might be profits would not be a proper matter for them to consider in this case.

"In regard to the next to the last paragraph—paragraph 9—in regard to loss of business, I don't think there was any testimony introduced here in regard to loss of business. The defendant made no effort to produce any witnesses that we could cross-examine, and the testimony that he did produce here was objected to, and it would be speculation on the part of the jury if they considered any of that as to what the loss of business might amount to.

"In regard to the last paragraph—that is, in regard to loss of time and expense in securing other wood to take the place of the wood contracted for by Mr. Cary—there is practically no evidence on that matter here. And, in conclusion, I don't think there is any real evidence for the jury to consider on any of these matters alleged here.

"As to our claim, the plaintiff admitted when he signed the document, plaintiff's exhibit A I believe, that it was a correct statement of what he owed the plaintiff; and I think it would be pure speculation on the

part of the jury for the jury to consider any of the items under paragraph 9.

"In addition to that, I think most of the evidence we objected to is incompetent, irrelevant and immaterial and should be stricken from the record."

1. A motion to direct a verdict should state the grounds upon which the motion is based, and not the argument in support thereof.

2, 3. We assume that plaintiff intended to move the court for a directed verdict on the ground of the lack of evidence to support defendant's affirmative defense relating to the loss of profits. The court properly denied the motion, however, upon the ground that there was some competent evidence of record sustaining the material averments of defendant's affirmative defense. The record shows that there was competent evidence in support of defendant's contention. We do not pretend to say that defendant made the better case upon that subject, but we are not called upon to decide that point. This question is not new. In the case of *Bredemeier* v. *Pacific Supply Co.*, 64 Or. 576 (131 Pac. 312), this court held that profits can be recovered as damages for the breach of a contract, where such profits entered into the contract itself and were within the contemplation of the parties at the time the contract was executed. To like effect is *Preble* v. *Hanna*, 117 Or. 306 (244 Pac. 75).

4. The second assignment of error is based upon plaintiff's exception to the refusal of the trial court to grant a new trial. From the time of the decision of the case of *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309), it has been the rule that no exceptions can be taken to an order on motion for new trial, nor can such an order be considered on appeal.

Counsel in their briefs discuss the admissibility of shopbooks as evidence. Though, in the strictest sense, this question is not before us for adjudication in this case, for future guidance of counsel we refer them to the case of *Radtke* v. *Taylor,* 105 Or. 559 (210 Pac. 863, 27 A. L. R. 1423).

This case is affirmed.   Affirmed.

Rand, C. J., and Bean and Belt, JJ., concur.