# SUPREME COURT

#### OF

# ILLINOIS.

## SECOND GRAND DIVISION.

### JANUARY TERM, 1864.

## MURRAY McCONNEL

### *v.*

## JARIUS KIBBE.

1. ACTION — *for what injury it will lie.* Where one person owns the ground rooms in a building, and another the upper stories, the latter has a right to have his portion of the tenement supported by the division walls in the lower part; and the removal of such support by the owner of the lower portion of the building is such an infringement of that right as will sustain an action against the wrongdoer.

2. WHEN SPECIAL DAMAGE NEED NOT BE LAID. And in such case the action may be sustained without showing any special damage. The law infers damage from every infringement of a right. The right infringed upon is property, and for its invasion, nominal damages may be recovered.

3. FORMER RECOVERY — *to what extent a bar — and herein of a continuing injury.* But a recovery of nominal damages, for the infringement of a right, will not bar an action for actual damages, subsequently sustained by reason of the wrongful act, where they did not accrue before the commencement of the former suit.

4. Successive suits for actual damages may be brought from time to time as the damages are sustained, and in each suit the party may recover such damages as he has sustained prior to its commencement, not barred by a previous recovery.

McConnel *v.* Kibbe.

5. LIMITATION — *its operation in such cases.* The bar of the statute of limitations operates in the same manner. It bars the recovery of all damages, whether nominal or substantial, those 'inferred by law and special, which were sustained prior to the time within which the law requires an action for their recovery to be brought.

6. SAME — *when pleadable.* Where the party suing states the original wrongful act, and also alleges a continuing injury resulting therefrom, and claims special damages, and the wrongful act is not of itself actionable, a plea of not guilty within the period limited by the statute is not good, for the reason that in such case the action is not for the wrongful act, but solely for the consequences of it.

7. But where the original wrong is of itself actionable, and the action is brought solely for the wrongful act, such a plea is good, as it is a complete answer to the declaration.

8. Or where the action is brought for the original wrongful act, that being actionable, and also alleges special damages as the consequence of such act, and in aggravation, the plea would be good, as the defendant is not required, in the first instance, to answer the matters of aggravation.

9. SAME — *extent of its application.* Where the original wrongful act was done more than five years prior to the commencement of the suit, and the continuing consequences of the act are also alleged in aggravation, and the defendant pleads not guilty within five years, if the plaintiff will new assign these matters of aggravation, he may still recover in that suit all the damages which he has sustained within five years before the commencement of the action.

10. NEW ASSIGNMENT — *when necessary, and what will constitute a new assignment.* And after such a plea to a declaration of the character just mentioned, the plaintiff must new assign the matters of aggravation, if he desires to take advantage of them.

11. The plea, being an answer to the original act, was good. A replication thereto that the causes of action accrued within five years, is not in form a new assignment, but after issue joined thereon it should be treated as such.

12. PLEADING — DECLARATION IN CASE — *mode of alleging a continuing injury.* A party in declaring for a wrongful act done to his property or rights, and for a continuation of the injury, and damages resulting therefrom, in aggravation, set up the latter in this form: "And afterwards, to wit, on the       day of     , 1851, and from time to time from said day to the day of the commencement of this suit," the injury continued to be done, &c. The legal effect of this allegation was held to be, that the damages were sustained when the wrongful act was committed, and on divers other days between that time and the commencement of the suit, and was sufficient, without stating the time or times when the damages were sustained.

13. ALLEGATIONS AND PROOFS — *must correspond.* Where a party, in declaring for an injury done to a building of which he is the owner, sets forth that, at the time the wrongful act was committed, the premises were leased to another party, and it appears in evidence that the wrongful act was done before the lease was made, the plaintiff cannot recover. That allegation was descriptive of the plain-

McConnel *v.* Kibbe.

tiff's estate when the act complained of was done, which caused all the damage, and was a material one.

14. TENANT — *when he may recover for an injury done to the demised premises.* When an injury is done to a building while a party has a leasehold interest therein, the holder of such interest has a right of action for such portion of the damages as he has sustained, and the owner of the reversionary interest has also a right of action for the damage he may sustain. But if the premises were leased after the wrongful act was done the lessee cannot recover any damages caused thereby.

15. ERROR WILL NOT ALWAYS REVERSE. Although the court below may have erred in some of its instructions to the jury, yet a new trial will not be granted if, upon the whole record, it is apparent that, on a retrial, the verdict must be the same.

APPEAL from the Circuit Court of Morgan County; the Hon. DAVID M. WOODSON, Judge, presiding.

This was an action on the case instituted in the court below by Murray McConnel against Jarius Kibbe. A trial of the cause resulted in a verdict and judgment for the defendant, from which McConnel took this appeal. The case, so far as the questions decided are involved, is sufficiently stated in the opinion of the court.

Mr. MURRAY McCONNEL, *pro se.*

Messrs. D. A. SMITH and H. B. McCLURE, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

The present action is on the case for an alleged injury to the reversionary interest of the plaintiff in a brick tenement, in the town of Jacksonville. The declaration contains three counts, each alleging in substance that the plaintiff, before the committing of the grievances mentioned, was the owner of so much of the tenement as was above the rooms upon the ground floor, through which there was a partition wall extending from the foundation of the building to the top of the same; and that the defendant was the owner of the rooms upon the ground floor of the building. That before the committing of the grievances mentioned, the plaintiff had leased so much of the tenement

12 — 33D ILL.

as belonged to him to one Fox for a term of ten years; and that afterwards, and while Fox was in possession under said lease of so much of the tenement as belonged to the plaintiff, the defendant, on a certain day named, and on divers other days from that time to the commencement of the suit, removed said partition wall between the rooms on the ground floor, thereby depriving the walls above of their necessary support, to the injury of the plaintiff's reversionary interest, and alleging as special damage the cracking and sinking of that portion of the tenement above the rooms upon the ground floor. The defendant pleaded first, not guilty, and second, not guilty within five years. The plaintiff replied to the second plea, that the grievances complained of had been continued from the time they were committed until the commencement of the suit. To this replication there was a demurrer, which was sustained. The plaintiff filed a second replication, alleging that the causes of action accrued within five years, upon which issue was joined. Upon the trial the plaintiff proved that he was the owner of the portion of the tenement described in the declaration as his property; and that while he was the owner thereof, and before the demise of the same to Fox, the defendant removed the partition wall between the rooms on the ground floor. The court instructed the jury that the plaintiff could not recover unless the wall was removed after the demise of the premises to Fox and while he was in possession of the same, nor for the original injury or for the subsequent damages, if the wall was removed more than five years before the commencement of the suit. The jury found for the defendant. It was the plaintiff's right to have his portion of the tenement supported by the wall which was removed. The removal of the support was an infringement of his right, for which he might have sustained an action without showing any special damage. The law infers damage from every infringement of a right. 1 Gil. 544; *Fay* v. *Prentice,* 1 C. B. 828; *Sampson* v. *Hoddinett,* 1 C. B. (N. S.) 590. The right infringed is property, and for its invasion nominal damages may be recovered, but such recovery is no bar to a suit for actual damages subsequently sustained

where they did not take place before the commencement of the former suit. Successive suits for actual damages may be brought from time to time as the damages are sustained, and in each suit the party may recover such damages as he has sustained prior to its commencement, not barred by a previous recovery. The bar of the statute of limitations operates in the same manner. It bars the recovery of all damages, whether nominal or substantial, those inferred by law and special, which were sustained prior to the time within which the law requires an action for their recovery to be brought.

The declaration in the present case is for the nominal damages inferred by law from the infringement of the plaintiff's right, and for the actual damages subsequently sustained, which are alleged as a matter of aggravation. Each count states the wrongful act of the defendant in removing the partition wall, which act, it is alleged, was committed on divers days and times, whereby the plaintiff's right was invaded, from which the law infers damage, and by means of which act he has sustained actual damages. The allegation of special damages as a matter of aggravation is a substantive allegation of fact, and not an inference of law resulting from facts antecedently stated. *Kidgell* v. *Moore*, 14 Jurist, 790. It is not necessary, in a declaration like the present one, to state the time or times when the damages were sustained, as the legal effect of the allegation is that they were sustained when the wrongful act of the defendant was committed, and on divers other days between that time and the commencement of the suit. Under such a declaration the plaintiff may prove and recover any damages sufficiently described which he has sustained prior to the commencement of the suit, and a recovery by him is a bar in any subsequent suit to the recovery of any damages sustained prior to the commencement of the former one. The plea of not guilty within five years was a good one. Where the original wrong is not of itself actionable without special damage such a plea is not good, for the reason that the action is not for the wrongful act, but solely for the consequences of it, and it is no answer to the declaration to plead not guilty

of the wrongful act within the period fixed by the statute of limitations. But where the original wrong is of itself actionable, and the action is brought solely for the wrongful act, such a plea is good, as it is a complete answer to the declaration. In the present case the action is for the original wrongful act, and for the subsequent consequences which are alleged as matters of aggravation. The defendant was not required in the first instance to answer the matters of aggravation. He must make a complete answer to the original wrongful act, and then if the plaintiff desires to take advantage of the matters of aggravation he must new assign for them. *Taylor* v. *Cole*, 3 Term, 297; 1 Wm's Saund. 28; 3 Wils. 20. The plea, being an answer to the original act, was good. The replication that the causes of action accrued within five years was not in form a new assignment, but after issue was joined thereon we think it should have been treated as such. As we have before stated, the statute of limitations was a bar to all damages sustained by the plaintiff more than five years before the commencement of his suit, but it was not a bar to any damages sustained within the five years. He was entitled, upon proving his case, as alleged in his declaration, to recover such damages as he had sustained during that period of time, and the court below erred in instructing the jury that he could not recover such damages if the partition wall was removed more than five years before the commencement of the suit. The main difficulty with plaintiff's case is that he did not prove it as alleged in his declaration; and the jury could not do otherwise than find for the defendant under the first instruction given for him, which correctly states the law. The declaration alleges that the wrongful act of removing the partition wall was committed after the demise of the plaintiff's portion of the tenement to Fox, and while he was in possession of the same under said demise. The allegation is descriptive of the plaintiff's estate when the wrongful act was committed which caused all the damages, and is a material one. If the partition wall had been removed while Fox had a leasehold interest in the premises, he would have had a right of action for such portion of the

damages as he sustained, and the plaintiff a right of action for such portion of them as he sustained as the owner of the reversion. This is the plaintiff's case as he alleges it in his declaration, and the present action is brought to recover only such portion of the damages alleged to have been sustained as the plaintiff is entitled to as the owner of the reversion. The evidence established that the act of the defendant was done before the plaintiff demised the premises to Fox, and while the plaintiff was the owner in fee. Upon the case established by the evidence, the act of the defendant was an invasion of the right of the plaintiff as owner in fee, and not as owner of the reversion; and the subsequent damages sustained by him were by means of an act done to the injury of his ownership in fee, and not by means of an act done to the injury of his reversionary interest as alleged in his declaration. Although Fox leased the premises after the wrongful act of the defendant, he had no right to any damages caused thereby. Upon the whole case it clearly appears that on another trial a verdict must inevitably be for the defendant; and although the court below erred in some of its instructions, we ought not to grant a new trial where it is apparent that the verdict on a retrial of the cause must be the same as on the former trial. *Sheldon* v. *School District,* 24 Conn. 88; *Walworth* v. *Readsboro,* 24 Verm. 252; *Brantly* v. *Carter,* 26 Miss. 282; 1 Graham and Waterman on New Trials, 301; 3 id. 862, *et seq.*

The judgment of the court below will therefore be affirmed.

*Judgment affirmed.*