## MILES HEWITT

*v.*

## SAMUEL W. JONES.

1. FRAUD AND CIRCUMVENTION—*defense as against assignee.* In a suit by the assignee against the maker of a promissory note, the fact that the execution of the note was procured by fraud or circumvention, is a good defense, and it is immaterial whether the assignee took the note with or without notice of such defense.

2. ERROR WILL NOT ALWAYS REVERSE—*improper instructions.* Notwithstanding the statute authorizes the assignment of error upon the refusal of a new trial, the circuit courts are clothed with a discretion, as at common law, to be exercised in such manner as will best answer the ends of justice; hence, when it clearly appears that on another trial the verdict must inevitably be the same, or that substantial justice has been done, a new trial will not be granted, although the court erred in some of its instructions.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. W. STOKER, for the appellant.

Messrs. CASEY & WILSON, and Mr. C. H. PATTON, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This action was brought by appellant, in the Jefferson circuit court, as assignee of a promissory note, against appellee, as maker. The defendants set up, by special plea, the defense, that the execution of the note was obtained by a patent right vender and his agent, by means of fraud and circumvention, setting out the circumstances, and the fraudulent substitution of a note for another paper purporting only to be an appointment of appellee as agent to sell a patent hay fork. There was a change of venue to Marion county, where the cause was tried, resulting in a verdict and judgment for

defendant. The plaintiff brings the case to this court by appeal.

The testimony for defendant below tended strongly to show that the execution of the note sued on was obtained by fraud and circumvention. It is true, there was some conflicting evidence, but it was for the jury to determine all questions of the credibility of witnesses.

The defense set up was not an unconscionable, but a meritorious defense, recognized by the common law as well as by statute. It was the only defense relied upon. There was evidence tending to support it. The instructions for defendant below, claimed by appellant's counsel to be erroneous, all relate to the question of notice to the plaintiff at the time he purchased the note. If the execution was obtained by fraud or circumvention, it is wholly immaterial whether the appellant took the note with or without notice of that defense, because, if the execution of it was so procured, it would be void in his hands, even if he were a *bona fide* holder without notice.

The propositions embraced in the instructions complained of principally relate to the question of notice, and are, therefore, not material to any point of the defense.

We have no doubt, from reading the testimony in the record, that the appellee had no idea of signing or giving a promissory note, and that his signature was obtained by the artful device, frequently put into use by patent-right vendors and their agents, by which they procure the signature of a party to a promissory note when that party has no intention of signing one, and supposes he is executing an instrument of a wholly different nature. If the case should go before another jury, it would, without doubt, result in the same verdict as before. The question arises, should this court reverse for the misdirection of the jury, under these circumstances? If the law required the court below to grant a new trial for that reason, then, clearly, this court should reverse for the denial of the motion. Was the plaintiff below entitled to a

new trial as a matter of right? It was the settled rule of the common law, as administered by the King's Bench, that the court, in this respect, was clothed with a discretion, which was exercised with a view to the promotion of justice and repression of litigation.

In *Deerby* v. *The Duchess of Mazarine*, 2 Salk. 640, the defendant was sued for debts contracted by her, while living in England as a *feme sole*. She set up coverture, and gave good evidence to support it. The jury found for the plaintiff, and the court would not grant a new trial, because there was no reason why the duchess, who lived there as a *feme sole*, should set up coverture to avoid the payment of her just debts.

In *Macrow* v. *Hull*, 1 Burrows, 11, the action was for trespass of a trifling nature, entitling the plaintiff to only nominal damages. The trespass was shown by the evidence, but the jury found for the defendant. The court held, that, notwithstanding the verdict being against evidence, which, in general, is a good reason for setting it aside and granting a new trial, yet, the action appearing to be frivolous, trifling and vexatious, and the *real* damages little or none, they ought to refuse, and accordingly did refuse to set the verdict aside.

In *Farewell* v. *Chaffey*, 1 Burr. 54, LORD MANSFIELD said a new trial ought to be granted to attain real justice, but not to gratify litigious passions upon every point of *summum jus*, and it was there held, the court would not give a second chance of success to a hard action or unconscionable defense.

In *Edmonson* v. *Machell*, 2 Term R. 4, a new trial was moved for on the ground of a misdirection in point of law. The court having looked into the evidence, and become satisfied that justice had been done, denied the motion, without giving any positive opinion upon the question of law. ASHHURST, J., in giving the opinion of the court, said: "An application for a new trial is an application to the discretion of the court, who ought to exercise that discretion in such a manner as will best answer the ends of justice."

So, in *Edwards* v. *Evans*, 3 East, 451, where a witness was excluded upon a supposed ground of incompetency, the court denied a motion for a new trial, because another witness was called and established the same fact offered to be proved by the rejected witness, which was not disputed by the other side, and the defense proceeded upon a collateral point, on which the verdict turned.

In *Seare* v. *Prentice*, 8 East, 348, the court refused a new trial for misdirection upon a point which did not arise in the case.

The statute of this State authorizes the assignment of error upon the refusal of a motion for new trial, but the circuit courts are nevertheless regarded by this court as clothed with a discretion, as at common law, to be exercised in such manner as will best answer the ends of justice. Upon this ground it has been held, in numerous cases, that when it clearly appears that on another trial a verdict must inevitably be the same, or that substantial justice has been done, a new trial will not be granted, although the court erred in some of its instructions. *McConnel* v. *Kibbe*, 33 Ill. 175; *Curtis* v. *Sage*, 35 id. 22; *Coursen* v. *Ely*, 37 id. 338; *Root* v. *Curtis*, 38 id. 192; *Boynton* v. *Holmes*, id. 59; *Potter* v. *Potter*, 41 id. 80; *Watson* v. *Wolverton*, id. 241; *Clark* v. *Pageter*, 45 id. 185; *Pahlman* v. *King*, 49 id. 266; *Rankin* v. *Taylor* id. 451; *Booth* v. *Hynes*, 54 id. 363; *Steudle* v. *Rentchler*, 64 id. 161.

Being satisfied that justice has been done in this case, it would be a departure from principle to reverse for the misdirection complained of. The judgment will therefore be affirmed.

*Judgment affirmed.*