NANCY C. WALINSKI, Plaintiff-Appellant, *v.* MORRISON & MORRISON *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 76-1238

Opinion filed May 23, 1970.

Maureen J. McGann, of Chicago, for appellant.

Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago (Anthony V. Fanone, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The central question in this case is whether a civil action for damages may be maintained for a violation of the rights set forth in article I, section 17, of the Illinois Constitution. The circuit court of Cook County dismissed a damage action based upon an alleged violation of this constitutional provision. Plaintiff appeals, contending that it was the intention of the framers of the 1970 Illinois Constitution that money damages be available to remedy such a deprivation of rights.

We reverse.

Article I, section 17, states:

"All persons shall have the right to be free from discrimination on the basis of race, color, creed, national ancestry and sex in the hiring and promotion practices of any employer or in the sale or rental of property.

These rights are enforceable without action by the General Assembly, but the General Assembly by law may establish reasonable exemptions relating to these rights and provide additional remedies for their violation."

Plaintiff, Nancy C. Walinski, alleged in her amended complaint that she is a female and a college senior majoring in accounting; that on or prior to November 14, 1975, defendants, Morrison & Morrison, a certified public accounting firm, caused a job advertisement to be listed in her college

placement service; that said job listing sought an individual for "part time general office work" at $3.75 per hour; and that plaintiff, following the advertisement's instructions, called the firm's telephone number and asked to speak with defendant, Joan Richards, an employee of Morrison & Morrison. The complaint then stated:

"6 That the defendant, Morrison and Morrison, through its agent, Joan Richards, summarily and wantonly refused the plaintiff an opportunity to be considered for the job by voluntarily admitting that she was looking for a male employee.

7 That plaintiff at all times pertinent to this complaint was fully capable of performing the duties of the job listed.

8 That the refusal of the defendant, Joan Richards, to give any consideration to the plaintiff's qualifications because of her sex constituted a violation of plaintiff's constitutional right guaranteed under Article I, Section 17, of the Illinois Constitution of 1970 * * * [and]

9 That the defendants' actions herein cited was a wanton breach of duty owed the plaintiff to refrain from discriminating against her in its employment practices as prohibited by said Article I, Section 17, of the Illinois Constitution of 1970.

WHEREFORE, the plaintiff prays that judgment be entered against the defendants for actual damages in the amount of $1,000.00 punitive damages in the amount of $4,000.00 plus costs of action."

In lieu of an answer, defendants filed a motion to dismiss this complaint pursuant to section 45 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 45). The motion argued that plaintiff's complaint failed to state "any allegations that are sufficient to warrant the relief prayed" and in support of this contention defendants called attention to the fact that article I, section 17, does not specifically provide for the remedy of damages. This motion was granted by the trial court.

Initially, defendants argue that the amended complaint fails to contain on its face sufficient factual allegations to support plaintiff's right to recovery in that it does not expressly allege that the violation of plaintiff's rights was the proximate cause of her injury or that plaintiff was in any way damaged by this deprivation.

We do not find this argument persuasive. We feel that the factual allegations contained in plaintiff's complaint are adequate even though they are stated in a somewhat defective manner. Our conclusion is based on the fact that Illinois has a liberal pleading statute.

Section 4 of the Civil Practice Act provides that the Act "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill.

Rev. Stat. 1975, ch. 110, par. 4.) Consequently the basic purpose of the Civil Practice Act is to remove barriers which prevent the trial of a case on its merits and to facilitate procedures to accomplish this end. See *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 77, 147 N.E.2d 329, 332.

■■■ In view of this statutory directive, it is our opinion that the failure to specifically state certain necessary factual allegations does not render a complaint fatally defective so long as such allegations can be inferred from the complaint when read as a whole. After examining the complaint in question, we feel that the allegations of proximate cause and plaintiff's injury can be inferred from the other allegations made therein.

Since the form of plaintiff's complaint is not so defective as to bar her recovery, the remaining question for determination is whether the circuit court may entertain an action for money damages which is based on a violation of the rights provided for by article I, section 17.

■■ It is true, as defendants point out, that this constitutional provision makes no mention of money damages. However, a court of review has the duty to construe the State constitution so as to effectuate the intent of its drafters (see *People ex rel. McDavid v. Barrett* (1939), 370 Ill. 478, 480, 19 N.E.2d 356, 358) and when faced with a constitutional provision whose meaning is thought to be uncertain, the accepted practice for ascertaining such intent is to consult the debates of the relevant constitutional convention. *People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 527, 150 N.E.2d 168, 172, *cert. denied* (1958), 358 U.S. 828, 3 L. Ed. 2d 67, 79 S. Ct. 46.

Having carefully examined the debates of the Sixth Illinois Constitutional Convention of 1969-1970, it is apparent to us that the drafters intended that money damages be obtainable as a remedy. For example, the Bill of Rights Committee, in explaining the purpose of the language in section 17,[1] made the following statement:

"Since the right is explicitly made 'enforceable without action by the General Assembly,' an aggrieved person could have recourse to *existing judicial or legislative remedies for a violation of the right.*" (Emphasis added.) (6 Record of Proceedings, Sixth Illinois Constitutional Convention 69 (hereinafter cited as Proceedings).)

Furthermore, Delegate Foster, who was selected by the Bill of Rights Committee to explain section 17 to the rest of the convention, indicated that the committee contemplated money damages as one of the judicial remedies. He stated:

"After [an aggrieved party] * * * brings his lawsuit he has to put a

---

[1] In its proposed form, article I, section 17, was identified as section 22. It was changed to section 17 prior to the convention's adoption of the proposed constitution on September 3, 1970. Article I, section 17, was approved by the electorate on December 15, 1970.

dollar value on this constitutional right; and then he has to convince a jury that this dollar value is fair, because the defendant would be entitled to have the amount of damages determined by a jury * * *." 3 Proceedings 1598.

■■ Since we are unable to find any indication in the debates that money damages were not intended, we must conclude that the aforementioned statements are dispositive of this issue. Accordingly, plaintiff is entitled to seek compensatory and punitive damages. See generally *McConnel v. Kibbe* (1864), 33 Ill. 175, 179.

Defendants also cite *Teale v. Sears, Roebuck & Co.* (1976), 66 Ill. 2d 1, 359 N.E.2d 473, and argue that its holding supports the trial court's dismissal.

We do not agree since the cited case is distinguishable. In *Teale*, the plaintiff brought an action against his employer for damages allegedly resulting from his involuntary retirement. His complaint was based on the age discrimination act (Ill. Rev. Stat. 1975, ch. 48, pars. 881-887) and it prayed for compensatory damages in the sum of $1,000,000 as well as punitive damages in the same amount. However, section 7 of the act provides:

> "Any person who wilfully fails, neglects or refuses to comply with this Act shall be guilty of a petty offense and fined not less than $50 nor more than $100 for each such offense." (Ill. Rev. Stat. 1975, ch. 48, par. 887.)

Additionally, the General Assembly stated in its declaration of legislative policy that the right created by this statute "shall be protected as provided herein." (Ill. Rev. Stat. 1975, ch. 48, par. 881(c).) In view of this language, our supreme court concluded at pages 5-6:

> "This internal restriction strongly militates against, if indeed it does not preclude, expansion of the statutory sanction by implication.
>
> * * *
>
> The carefully limited civil remedies * * * demonstrate, in our opinion, that it would be incongruous to derive by implication a right to recover unlimited damages for a violation of this statute."

Article I, section 17, does not have a specific penalty clause; nor does it contain any evidence of restrictive intent on the part of the legislature. The provision states only that it is to be "enforceable without action by the General Assembly" and its legislative history, as discussed above, gives every indication that the drafters intended that money damages be made available as a remedy. Because of these essential differences, we conclude that the *Teale* case is not applicable to the present matter before this court.

We note but do not consider defendants' other arguments which we find to be without merit.

■■ The law is well settled that an action should not be dismissed pursuant to section 45 for failure to state a cause of action unless it clearly appears that no set of facts can be proved under the pleadings which would entitle plaintiff to relief. *Louis v. Barenfanger* (5th Dist. 1966), 81 Ill. App. 2d 104, 110, 226 N.E.2d 85, 88, *aff'd* (1968), 39 Ill. 2d 445, 236 N.E.2d 724 (1968), *cert. denied* (1968), 393 U.S. 935, 21 L. Ed. 2d 271, 89 S. Ct. 296.

For the above stated reasons, the order dismissing plaintiff's amended complaint is reversed and the cause is remanded to the trial court for a trial on the merits.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.